County Judge of Shelby County vs. The Shelby Railroad Company.

CASE 32—MANDAMUS—JUNE 5.

5b 225
90 503

# County Judge of Shelby County vs. The Shelby Railroad Company.

APPEAL FROM SHELBY CIRCUIT COURT.

RAILROAD TAX, IMPOSED BY VOTE, IN A DEFINED BOUNDARY IN SHELBY COUNTY.—The Shelby Railroad, chartered in 1852, after being partially graded, by the exhaustion of funds subscribed by the stockholders entitled to conditional interest on their stock, the work was hopelessly suspended, until an amended charter was granted in 1869, at the instance of citizens of that portion of the county in which the road is located. This amendment authorized a subscription of as much as $300,000 additional stock by the citizens within a defined boundary of the section of the county through which the road runs, and also provided that the original stockholders should not have the conditional interest on their stock, as provided in the original charter. A majority within that boundary voted for a subscription of $300,000. The county judge, in that event, was directed by the amended charter to subscribe the amount voted for, to be collected by a tax on the tax-payers within the prescribed boundary, to be levied as their revenue taxation is levied. The county judge refused to make the subscription, and appealed from the judgment of the circuit court requiring him to do so, on *mandamus*.

*Held—First.* That so much of the amendment as requires the former stockholders to waive interest, is constitutional; and,

*Second.* That the tax only on a section of the county is constitutional.

The Legislature may create a district for the purpose of taxation or assessment, without reference to existing civil or political districts.

JAMES L. CALDWELL,                                       For Appellant.

HARWOOD & CARPENTER,                              For Appellee,

CITED—

13 *B. Mon.*, 1; *Slack vs. Maysville and Lexington Railroad Company.*

County Judge of Shelby County vs. The Shelby Railroad Company.

9 *B. Mon.*, 343; *Cheaney vs. Hooser.*
2 *B. Mon.*, 178; *City of Louisville vs. Hyatt et al.*
36 *Barb.*, 177; *The People vs. Lawrence.*
12 *Cal.*, 75; *Burnett vs. City of Sacramento.*
*MS. Opn.*, Feb. 1, 1859; *Bardstown and Louisville Railroad Company vs. Geo. M. Hayes et al.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The Shelby Railroad, chartered in the year 1852, after being partially graded by the exhaustion of funds subscribed by the stockholders entitled to conditional interest on their stock, the work was hopelessly suspended until an amended charter was granted in January, 1869, at the instance of citizens of that portion of the county in which the road is located. This amendment authorized a subscription of as much as $300,000 additional stock by the citizens within a defined boundary of the southern section of the county through which the road runs. A majority voted for a subscription of $300,000. The county judge, in that event, was directed by the amended charter to subscribe the amount voted for, to be collected by a tax on the tax-payers within the prescribed boundary, to be levied as their revenue taxation is levied. The judge, deeming it prudent not to subscribe without the sanction of this court, appealed from a judgment of the circuit court requiring him, on *mandamus,* to make the subscription, and now presents two questions for our consideration:

1. Is so much of the amendment as requires the former stockholders to waive interest constitutional?

2. Is a tax on only one section of the county constitutional?

Upon full consideration, our answer to each question is affirmative—

1. As it sufficiently appears, that, without the aid of the subscription under the amended charter, the stock of the former subscribers would be worthless, they cannot lose, but must gain, by the provision complained of; and it is certainly just that all subscribers, old and new, should stand on the same platform of equality; and moreover, the legislative power to repeal the old charter surely included the subordinate power to modify it, as done by the amended charter, for fulfilling the end of the old one.

2. Taxation is a peculiarly flexible and indefinite subject. Every citizen is equally bound to support his government and help to promote its beneficent ends. All must submit to the inherent sovereignty of eminent domain, limited only by the fundamental right to just compensation for private property taken for public benefit; and all should contribute in the form of taxation, direct or indirect, to burdens resulting from the administration of the government and its laws. The tax-payer's compensation is in his reciprocal benefit. Equality is the great object of the constitution; but mathematical equality is practically impossible.

The history of sustained taxation in every form always shows actual inequality. A tax may be constitutionally imposed on one class of property only, and many may own no such property; or it may be specific, and therefore arbitrary, and necessarily unequal; or it may be on all property *ad valorem;* and even then those owning no taxable property will contribute nothing, even though they derive personal benefit from the appropriation of the taxes; and in whatever form, or for whatever purpose, taxes may be imposed, and however nearly they may seem to approximate equality, they are necessarily unequal when tested by the only true principle of taxation, and that is, *the degree of benefit to each person in the use*

*made of the tax.* There is no human process by which this relative degree of interest can be precisely graduated. Thus, while it is undeniable that all the citizens of a county have not the same interest in a local road or bridge, the exact interest of each is unascertainable, and may, therefore, be disregarded in taxing for the construction and repair of such necessary improvements; and although the people of other counties are benefited by all such local improvements, contributing to social and commercial intercommunication far beyond the limits of the county making them, yet they are not taxed to make them; and the general and approved practice in making and repairing county roads has been to impose the burthen of each road, not on the whole county, but only on a prescribed section nearest the road. Prescription alone would legalize all these usages; and their justice is commended by the principle of equality. That principle does not require that all the citizens of a county, any more than of a State, should contribute to the construction of any kind of road through the county, although the whole county, as well as State, may use it, and, in some degree, be benefited by it. But the principle would be most nearly effectuated by imposing the burden, as in this case, and in other cases of county roads, on a prudently defined section nearest the road, and apparently most interested in it. But however 'this may be, we can see no good reason or constitutional principle requiring, in such a case as this, the subscription to be co-extensive with the county lines; but we do see some reason why the same principle might be more justly illustrated by a more circumscribed responsibility, as prescribed in this case. And in this view we feel sustained, not only by principle, but by authority, without any admitted principle or known authority to the contrary. See *City of*

County Judge of Shelby County vs. The Shelby Railroad Company.

*Lexington vs. McQuillan's heirs,* 9 *Dana,* 513; *Cheany vs. Hooser,* 9 *B. M.,* 345; *Louisville and Bardstown Railroad Co. vs. Hays,* unreported, in which this court sustained a tax on three constable's districts alone for constructing that road in Nelson county ; and these Kentucky cases are corroborated by decisions in other States, only three of which we will now cite, See *Burnett vs. Sacramento,* 12 *California R.,* 76; *The People vs. Lawrence,* 36 *Barb. N. Y. R.,* 177; and the exhaustive case of *The People vs. Mayor, &c., of Brooklyn,* 4 *Comstock's R.,* 420, *&c.*

In the case *supra* in Barbour, the court said of local taxation : " The Legislature is not confined in such taxation to existing political or civil districts. They may create a district for the purpose of taxation or assessment." And in the California case the court said : " The burden may be levied upon the whole county or town, or on those more immediately benefited."

We might cite other concurrent cases in Massachusetts, Pennsylvania, Connecticut, Ohio, Indiana, New Jersey, Virginia, South Carolina, and Louisiana, and many other cases in New York. Thus prescription and authority settle this question so conclusively as not to allow further doubt or debate.

The result in this case is, that the tax, as imposed, is not only constitutional, but even more just and equal than it would have been had it been laid on the whole county of Shelby, the people of the northern and exempted portion of which, near the Louisville Railroad, have little or no apparent interest in the more southern road.

But this court cannot adjudicate on the policy or justice of taxation. The security against injustice is in the structure of the government and the sympathy of the

Legislature with the people, and its responsibility to its constituency.

It is now too late to question the constitutionality of the charter in this case.

Wherefore, the judgment of the circuit court is affirmed.