CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
By ail act of the legislature approved' February 11, 1867 (Sessiou Acts, 37), the County of Robertson was created out of parts of Bracken, Nicholas, and Mason Counties; and by section 8 of said enactment “the right to tax the inhabitants and property taken from Bracken and incorporated with Robertson County to raise the sum of five hundred dollars annually for four years is reserved,” and the County Court of Robertson is directed to assess, collect, and pay over to the treasurer of Bracken County, or to such person as the county court for said county might designate, the said sum of five hundred dollars annually for four years.
*71 Sixteen clays after the first enactment another and supplemental act was approved, repealing in part the first one, and slightly changing the boundaries of Robertson County, giving back to Bracken a small portion of the territory and inhabitants first taken from said county.
At the October term, 1867, of the Robertson County Court, a special poll and levy tax was laid on that part of her citizens living within the territory previously belonging to Bracken for the purpose of said annual payment; but in the following April the Robertson County Court rescinded said levy, and refused to provide for said annual payments: a majority of the justices of the county sitting and concurring in each of these orders.
The Bracken County Court having appointed a receiver with full power to demand and receive'from the Robertson County Court each payment due, and it having refused said payments, J. H. Bonde, presiding judge of Bracken County, filed a petition, December 22, 1868, in the Robertson Circuit Court against the presiding judge and the justices of the peace of Robertson County, and asked a mandamus to compel them to levy a sufficient tax, and provide for said annual payments, two of which were alleged to be due.
The Robertson County judge and justices of the peace answered, in which they declare that said reserved right of taxation, as they were informed, grew out of the fact that Bracken County had built two bridges across the North Fork of Licking River within such territory so included in Robertson County, and because Bracken County had raised a sum of money, to be reimbursed by taxation, to pay for volunteer substitutes in the late civil war to prevent a draft on said county. They deny the constitutional validity of said reserved right of taxation, and also insist that the act creating Robertson County having *72 subsequently been partially repealed, and part of the territory and people having thereby been retransferred to Bracken, that the annual tax of five hundred dollars ought not to be levied and collected even if the original act was valid. Whatever were the obligations and indebtedness of Bracken County, previous to this enactment, was an obligation upon her citizens to be discharged from time to time by contributions in the shape of taxes as nearly equal as might be practicable. ■ These obligations and burdens were equally on the citizens of that part of the county proposed to be transferred to Robertson; and if they and the territory which they inhabited should be so transferred without any provision as to the existing debt of Bracken, they and their property and said territory would be released from such liabilities, and the remaining citizens and territory of Bracken County would to the same extent have an increased public burden. It was therefore most reasonable that a majority of the citizens of Bracken should object to a transfer of either territory or people to a new county without providing that they should still be liable to a reasonable pro rata part of the public debt created while they were part of the county, and were perhaps the peculiar beneficiaries of a large part of it.
This reservation of the right created no new liability,, but provided simply against their exoneration from an existing one by being incorporated into a new county.
The formation of the new county, being procured by their immediate representatives, must be presumed to be by their assent and procurement, and for their benefit.
We see no means of assailing the validity of this enactment in the absence of proof showing that it was grossly unjust and unequal. The original act presumptively being both just and constitutionally valid, the subsequent *73 change of the boundary could no more release that portion of the citizens left in Robertson County, and the legal duty and responsibility of the Robertson County Court, than could a change of the boundary of either Bracken or Robertson, or any other county, release it from its indebtedness.
It may have been both right and just that this annuity should have been reduced on a change of the boundary; but, in the absence of any provision in the supplemental act, the judiciary can not become legislators and supply said enactment by some supposed equitable rule; for this departure from the enactments would involve an investigation as to the amount of the public liability of Bracken,, the amount of property and number of citizens at the time, as well as other difficult and vexatious inquiries.
As the 8th section of the original act stands still unmodified, the County Court of Robertson has but a simple and plain duty to perform; that is, to levy and collect a sufficient annual tax from the citizens within said territory to discharge this annual debt of five hundred dollars for four years.
As there was no specified -time for the first payment to be made, the Robertson County Court very properly assessed this tax at its fiscal term in October, 1867, and as improperly rescinded said order at its following April term.
The legal power in the legislature to authorize the levy of a tax on the people of a subdivision of a county when they are the pecuniary beneficiaries of its outlay, has been settled by this court in Bardstown and Louisville Railroad Company v. George M. Hays, &c., Ms. Op., Feb. 1, 1859; and more recently in the case of Shelby County Railroad v. The Presiding Judge of Shelby County, 5 Bush, 225, in which the principle was well considered.
*74 Although, the bill of exceptions is inartificial, yet it does show the plaintiff’s evidence, the agreed facts, and defendant’s evidence, and then concludes, “the court, having heard the evidence, adjudged;” from all of which it is most apparent that it contains all the evidence, in which case it is not essential to add the statement that this was all the evidence, for if this appears it is sufficient.
The only remaining question is as to the right of the presiding judge of the county in his own name to maintain the action without an appointment, by the, court of record.
By the 8th section of the act creating Robertson County its county court is directed to assess, collect, and pay over to the Bracken County treasurer, or to such person as the Bracken County Court may designate, the said sum of five hundred dollars annually.
The Bracken County Court had by order appointed Willis to demand and receive these two overdue installments, but had never authorized the presiding judge to do so. The right of legal proceedings to enforce this duty of the Robertson County Court therefore is in the Bracken County treasurer, or Willis, the appointed agent of the county court, and not in the presiding judge.
While therefore it was right to dismiss the petition, it should have been done without prejudice to another suit and not absolutely; yet, as there was no right of action in the petitioner, this can not prejudice any other suit brought by a proper party; and, though it may be technically wrong, it is legally right, and its legal effect will be the same as if dismissed without prejudice.
Wherefore the judgment is affirmed.