JUDGE PRY OB
delivered the opinion oe the court.
The appellees being the owners of a candle and soap factory in the city of Louisville, the appellant, one of the employees, while engaged at work, and using some part of the machinery necessary to the discharge of her duty, was seriously injured by reason of some defect in the machinery, resulting in the loss of one of her eyes. This action was instituted by her to recover damages, alleging negligence on the part of the appellees in requiring her to work machinery that was defective and insufficient for the purposes for which it was used.
In the absence of an allegation as to the want of knowledge on her part as to the defect in the machinery, or that she was not sufficiently acquainted with its workings to have ascertained the defect, and know the danger, the petition might be held insufficient, but the want of these averments is cured by the answer, in which this issue is distinctly made. The case went to the jury, and a general verdict was rendered for the appellant for $500. A special verdict was also returned into court, in response to ten different questions propounded by the .court. The finding of certain facts constituting the special verdict, the court below regarded as inconsistent with the general verdict, and rendered a judgment for the defendants (appellees) on the special finding. Section 328 of the Civil Code provides, “ If a general and special verdict be inconsistent, judgment shall be rendered pursuant to the latter.”
Counsel for the appellant moved the court to set aside the judgment on the special finding, and enter, a judgment on the general verdict. This motion was overruled, and exceptions taken. There is no bill of evidence in the case, and the only question to be considered by this court is, is the special verdict inconsistent with the general verdict ? Can the facts con *604 stituting the special verdict be true, and the general verdict also true?
The fact of the employment is established by the special finding; it was therefore the duty of the employers to use' ordinary care and diligence in providing sufficient and safe machinery for their employees; and if the appellees knew, or, by the exercise of ordinary care and prudence, could have known, that the machinery was defective and dangerous, they are answerable in damages. On the other hand, the employee, when she entered appellees’ service, undertook to run the ordinary risks that pertain to such an employment, and if she knew the defects, or by the exercise of ordinary care could have seen the defects, the employer is not responsible, unless in such case actual knowledge of the defect is brought home to the employer, when it is made his duty to warn those in his service of the danger.
Such defects as the exercise of ordinary prudence and care could not guard against, and such as are incident to the employment, the employer is not responsible for. (Sherman & Red-field on Negligence, 106.) Applying this general doctrine to the case under consideration, we can not adjudge that the one verdict is inconsistent with the other. This court will not presume that all the facts established in the case are embraced in the special finding, but, on the contrary, the court must presume that the evidence authorized the general verdict, unless the facts established by the special finding are inconsistent with the general finding. The special finding must prove that the general verdict is not a true verdict.
For answer to the first and second questions the jury responded, that the appellant was injured while in the employment of the appellees, and that she had been in their employment for four years. To the third and fourth questions the response was, that she was twenty-four years of age, and with experience to enable her to know the nature of her em *605 ployment and the working of the machine she was operating. To the fifth question, that the machinery causing the injury was not suitable and sufficient for the purposes for which it was used. To the sixth, that the fastening (the defect in which caused the injury) was not in general use, but the appellant was instructed in the use of it by experience. To the seventh and eighth questions, that it was not in good working order at the time, and the appellant was not in the habit of working it carelessly. To the ninth, that she was not warned of the danger. The tenth question is propounded as follows: “Did the plaintiff, at'the time she was injured, use the said fastening to prevent the recoil of the crank or lever, or did she work the machine without using the fastening ? ” The response to this alternative interrogatory is, “She did not.”
If the plaintiff failed to use the crank, this terminated her right to recover, as its proper use insured her safety; and the neglect to have a proper fastening by which the crank could be properly used is the negligence complained of. The response made by the jury was evidently to the last question, “Or did she work the machine without using the crank?” Answer, “She did not.” If construed as a response to the first part of the question propounded, the injury was the result of her own negligence, and the one finding is inconsistent with the other. Such, however, is not the special finding. This question, like many of the other questions propounded in the case, failed to meet the real issue between these parties, and -was better calculated to confuse the jury than to enlighten the court. The object of a special verdict is to enable the court and jury to arrive at the truth; and when facts are shown to exist that, if true (and the special finding must be taken as true), must prove the general finding to be false, the special finding controls the action of the court in rendering the judgment.
*606 It is not shown by the special finding that the appellant was a machinist, or that she had sufficient experience to enable her to detect the defect in the machinery. She might have known, and did know, how to work the machinery; but that she knew its defective condition, or by the exercise of ordinary care could have ascertained the defect, does not appear; nor does it appear that the injury was the result of an accident that was incident to such service, and that could not have been avoided by the exercise of proper care and caution by either the employer or the employee. The jury found that appellant did not use the machinery in a careless manner, and was not guilty of any neglect on her part. There is no fact established inconsistent with the general verdict. All the special findings may be true, and yet the general verdict proper. While the facts established conduce to sustain the defense, every fact may exist, and still the verdict for the plaintiff be sustained by the evidence.
The propounding of questions that when answered only tend to sustain one side of an issue, can not be regarded as precluding the presentation of a different state of case by the adverse party.
In this case the only effect of the special verdict is to indicate that the testimony was conflicting, and we see nothing in the response made by the jury to any one of the numerous interrogatories inconsistent with the appellant’s right of recovery.
The judgment on the special verdict is therefore reversed, and the cause remanded with directions to' enter a judgment on the general verdict.