CASE 43—PETITION EQUITY—FEBRUARY 14.

# McKee v. Stein's Guardian, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. JUDICIAL SALES—REDEMPTION.—Where a purchaser at judicial sale whether he be the defendant or a stranger, fails to pay his sale bonds, and a second sale is made to satisfy them, he has no right to redeem the land from the second sale.

2. No APPRAISEMENT IS REQUIRED where no right to redeem the land exists.

3. WHERE AN APPEAL IS PROSECUTED UPON A PARTIAL TRANSCRIPT, if facts necessary to support the judgment might be shown by the omitted portions of the record, it will be presumed that they are shown.

McKee v. Stein's Guardian, &c.

SAMUEL McKEE for appellant.

1. There having been no appraisement, the court should have set aside the sale. The statute of April 9, 1878, is not merely directory, but "mandatory and prohibitory," and forbids the sale of any real estate other than in the manner provided. (Wooldridge v. Jacob, 79 Ky., 250; 8 Ky. Law Rep., 185; Graves & Wells v. Long, Assignee, 87 Ky., 441; Vanmeter v. Vanmeter's Assignee, 88 Ky., 448; People v. Schermerhorn, 19 Barb., 558; Barnard v. Vick, 21 Wend., 89; Clark v. Crane, 5 Mich., 154; Torrey v. Milbury, 21 Pick., 67; Lessee of Gently, &c., v. Ewing, 3 How., 714.)

2. The debtor can not waive or release the right to redeem. (Maxwell v. Reed, 7 Wis., 582-594; Woodward v. Murray, 18 Johns.; 9 How., N. Y. Pr. R.; Moxley v. Ragan, &c., 10 Bush, 156.)

3. A contempt by the purchaser, whether he be the debtor or a stranger, in no manner deprives him of his statutory rights, and invests the court with no power to take from him his property in any manner other than as provided by statute. (Crout v. Sauter, 13 Bush, 442.)

H. S. BARKER, A. E. WILLSON for appellees.

1. The judgment must be affirmed, because material parts of the record have been omitted. (Terrell v. Rowland, 9 Ky. Law Rep., 258; Brassfield v. Burgess, 10 Ky. Law Rep., 660.)

2. The act of April 9, 1878, requiring an appraisement of property sold at judicial sale, does not apply where, as is the case here, the debt was created prior to the passage of the act. (Collins v. Collins, 79 Ky., 88; Riley v. Young, 5 Ky. Law Rep., 692.)

3. Where a party purchases his own property at judicial sale, he stands thereafter just as any other purchaser. If, to prevent going to jail for contempt of court, he comes and surrenders the property to be sold for cash, and it is so sold, he can not complain of a want of appraisement.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

At a sale of appellant's land made September, 1885, under judgment of court, he became the purchaser, and with his surety executed for the amount bid three bonds, payable, respectively, in six, twelve and eighteen months; but failing to pay the last one due of them, an attachment was issued against him and his surety, which was, however, upon their motion, respited by the

court until a day named, upon terms that appellant surrender the property so sold and purchased by him to be again sold for cash by the marshal of court upon ten days' notice, and that the surety bid at the sale, when made, enough to pay the bond, interest and costs, which terms were accepted by them. And the land having been surrendered was, under judgment of April, 1887, sold by the marshal May 5, 1887, when appellee became purchaser, and afterwards paid the amount bid into court. But the report of sale was excepted to, and reversal of the judgment confirming it is now asked upon the principal ground the marshal did not, previous to making sale, cause the land to be valued, under oath, by two disinterested housekeepers, as counsel argues article 8, chapter 63, General Statutes, required.

That statute, first enacted in 1878, affords to a defendant the same right to redeem his land, sold in pursuance of an order or judgment of court for less than two-thirds of its appraised value, that he already had in case of sale under execution. But when a sale is made without being subject to the conditional right of redemption, there is no reason for previous appraisement.

The design of giving one year in which a defendant may redeem his land sold under order or judgment is to afford him an opportunity to relieve himself against sacrifice of his property by an enforced public sale ; but a purchase at such sale, whether made by the defendant himself or another, is the voluntary act of the bidder, and an undertaking that he makes it in good faith, and will, without any reservation, comply with its terms. Consequently a failure to promptly pay the sale bonds

as they fall due not only subjects the purchaser and his surety to process for contempt of court but the land to absolute sale to pay the bonds. Before the sale of 1885 took place the land was appraised as required by·statute, and appellant being then in the attitude of defendant to the action or proceeding wherein the judgment or order for recovery of the debt against him was rendered, would have had the right to redeem if the land had been purchased by another person for less than two-thirds of its value; otherwise, not. But it does not appear whether the land then sold for less than two-thirds of its value or not, nor is it material, as appellant being the purchaser retained both title and possession of the land, and, in fact, got longer indulgence than he would have had if it had been subject to redemption from another person.

If the purchaser at the first sale had been a stranger he would have had no pretense of right to redeem the land sold to satisfy the sale bonds he had failed to pay, for he would not have been a defendant in contemplation of the statute; and as appellant chose to place himself in the position of purchaser, both reason and justice require he should be treated in the same way; otherwise a defendant, by simply becoming bidder of his own land, though in bad faith, might practically exercise the right of redemption more than once during the process of collecting from him the same debt, and hold the land, the right of redemption attaching, not one, but, as in this case, three years from date of the first sale. We are satisfied it was not intended by the statute that the defendant, or any other purchaser, should have the right to redeem the same land

from a second sale made to satisfy sale bonds given at the first.

It appears that provision was made in the judgment of 1885 that the proceeds of the land therein directed to be sold should be applied, first, to pay a mortgage debt of one Parr; second, to pay one thousand dollars to appellant, value of his homestead right, and, third, the debt of appellee Maynell, guardian; but in the judgment appealed from the whole amount bid and paid into court by appellee Hilpp, was directed paid to appellee Maynell. As appellant has had copied and filed in this court only a partial transcript of the record, it must, according to a settled rule of this court, be presumed, in support of the judgment, that the omitted portion would show the one thousand dollars was paid to appellant out of the two sale bonds first due, or otherwise, for the proceeds of the last one of them only was paid to appellee Maynell.

Judgment affirmed.