CASE 49.—ACTION BY SAMUEL FRANCIS AGAINST CATHERINE LILLY.—March 10, 1910.

## Lilly v. Francis

Appeal from Letcher Circuit Court.

THEO. LEWIS, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1.  Appeal and Error—Record—Records in Other Cases.—The Court of Appeals cannot consider the records in other cases which do not appear to have been filed in the case under consideration or to have been considered by the trial court.
2.  Appeal and Error—Record—Exhibits—Evidence.—The Court of Appeals will not review a question where it appears from the judgment that portions of the exhibits in evidence bearing on the question had been omitted from the record.

GRANT E. LILLY for appellant.

S. B. DISHMAN and D. D. FIELDS for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Affirming.

Judge H. C. Lilly purchased the tract of land in-
volved in this controversy in the case of H. C. Lilly
v. Kelly Hogg. A deed was executed by Judge Lilly
by the court's commissioner and a writ of posses-
sion awarded him. Kelly Hogg conveyed the land
in the year 1881 to Tilda Whittaker. She conveyed
to Amburgy, and the latter conveyed to Samuel
Francis. Charging that he and his vendors obtained
title to the land before the institution of the suit of
Lilly v. Hogg, and that neither he nor his vendors
were parties to that action, Samuel Francis institut-
ed this action to enjoin the writ of possession. Judg-
ment was rendered in favor of Francis. Afterwards
this judgment was set aside on the ground that Judge
Lilly had not been served with process. On appeal to
this court that judgment was affirmed. Francis v.
Lilly's Executrix, 124 Ky. 230, 98 S. W. 996, 30 Ky.
Law Rep. 391. Prior to the appeal, Lilly's executrix
had filed an answer controverting the averments of
the petition, and pleading that Francis and his ven-
dors were not only lis pendens purchasers, but had
actual notice of the proceedings in the case of Lilly
v. Hogg. In this pleading the record of certain other
proceedings was referred to. Upon the return of the
case to the lower court, Francis filed a reply travers-
ing the allegations of the answer and counterclaim.
At the September term, 1907, of the Letcher circuit
court, the case was again submitted for judgment.
The judgment recites: "This case having been sub-
mitted to the court for opinion and judgment, and
the court being advised from the pleadings, evidence,
and exhibits, orders and adjudges that the counter-

claim of Catherine Lilly, the executrix and sole devisee of H. C. Lilly, deceased, be dismissed. The judgment also enjoined the enforcement of the writ of possession, and directed that the deed to Lilly in the case of Lilly v. Hogg be set aside and held for naught, and that Francis' title to the land be quieted. From this judgment Catherine Lilly has appealed; the appeal being granted by the clerk of this court.

The additional record filed in this court purports to be filed in pursuance of a schedule filed with the clerk of the Letcher circuit court. What that schedule contains does not appear. The schedule itself is not in the record. The record filed here contains a copy of the reply filed by Samuel Francis, and a copy of two orders purporting to have been entered in the case of Lilly v. Hogg, also the record of Lilly v. Hogg. This record purports to have been filed in the clerk's office of the Letcher circuit court in the year 1884, and was sworn to by H. C. Lilly's attorney on November 30, 1883. There is nothing on this record to show that it was a part of the record in the case now before us, nor is there anything tending to show that it was considered by the trial court in reaching a determination of the case. That being true, we cannot consider the record here. It would appear from the judgment in the case that evidence was heard below and that exhibits were filed. So far as the record before us is concerned, we have nothing that is properly a part of the record, except the reply filed by Samuel Francis. As we cannot consider records in other cases which do not appear to have been filed in the case under consideration, or to have been considered by the trial court, and it appears from the judgment that portions of the exhibits and evidence bearing upon the question have been omitted, there

is nothing for us to do but affirm the judgment. Terrell v. Rowland, 86 Ky. 67, 4 S. W. 825, 9 Ky. Law Rep. 258; Courier-Journal Job Printing Co. v. Cardoza, etc., 54 S. W. 966, 21 Ky. Law Rep. 1259; McKee v. Stein's Guardian, 91 Ky. 240, 16 S. W. 583, 13 Ky. Law Rep. 49.

Judgment affirmed.