## Bradford v. Jones, et al.

(Decided October 31, 1912.)

### Appeal From Whitley Circuit Court.

Appeal—Absence of Transcript—Limitation of Review.—Where there is no transcript of the evidence in the record, the only question to be determined is whether or not the pleadings support the judgment.

E. L. STEPHENS, HENRY BOND for appellant.

TYE & SILER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

On February 6, 1904, plaintiff, Clinton Bradford, sold a lot of ground in the city of Williamsburg to M. B. Jones. The consideration was $100 cash, and two notes, one for $100, payable six months from date, and one for $50, payable twelve months from date, each bearing interest at the rate of six per centum per annum from date until paid, and secured by a lien on the property conveyed. Subsequently Jones sold the property to Al Angel.

Plaintiff brought this action against defendants, M. B. Jones and Al Angel, to enforce his vendor's lien. Jones filed an answer, set-off and counterclaim, pleading in substance that plaintiff had conveyed the land to him with covenant of general warranty; that on the 3rd day of August, 1904, one S. Stanfill instituted an action in the Whitley Circuit Court, wherein he asserted paramount title to a portion of the property conveyed; that defendant gave plaintiff due notice of the pendency of the action, and requested him to defend; that plaintiff had notice of the pendency of the action, and of the nature thereof for a sufficient length of time prior to the trial to afford him an opportunity to defend the same; that the action came on for hearing and was tried by a jury at the regular November term, 1906, of the Whitley Circuit Court; that plaintiff was present and testified for defendant at the trial of the action; that the jury was empaneled, trial had, and a verdict rendered in favor of plaintiff, Stanfill, for a certain portion of the land conveyed by plaintiff, Bradford, to defendant, and more particularly described in the answer; that thereupon Stanfill, by virtue of his judgment, took possession of that part of the land recovered by him, and ousted defendant therefrom. Said land, from the possession of which defendant was so deprived and ousted, was a part of the land conveyed by the plaintiff, Bradford, to defendant, and was the most valuable part of the land so conveyed. The answer then sets forth certain improvements erected by defendant upon the land, which he was compelled to remove, and certain costs incurred in defending the action, which, together with the value of the land from which he was evicted, amounted to $350. This sum defendant pleaded as a counterclaim against the claim of plaintiff, and asked judgment over against the plaintiff for the sum of $250, with interest and costs.

Trial was had, and the jury found in favor of defendant. Judgment was entered dismissing plaintiff's petition. Plaintiff appeals.

At the April term of this court, defendant moved to strike from the record the transcript of evidence. This motion was sustained.

There being no transcript of the evidence in the record, the only question to be determined, then, is, do the pleadings support the judgment? Duke's Admr. v. Kaelin, 90 S. W., 959, 28 R., 900; Anheuser-Bush Brewing Co. v. Seelbach, 19 R., 375; Louisville Bridge Co. v. Neafus, 23 R., 185. Of this there can be no doubt.

Judgment affirmed.