## Myers v. Saltry.

(Decided March 11, 1915.)

Appeal from Jefferson Circuit Court
Common Pleas Branch, Third Division).

1. Appeal and Error—Transcript of Evidence—Failure to Include in Record.—Where the record comes to this court without a transcript of the evidence the only question to be determined is whether the pleadings support the judgment. The court will presume that the omitted portions of the record will support the judgment.

2. Contracts—Frauds, Statute of.—If the performance of a contract depends upon a contingency which may happen within a year, then it is not within the statute of fraud, although that contingency may not, in fact, happen until after the expiration of the year, and although the parties may not have expected that it would occur within that period.

3. Contracts—Written Contracts—Presumption.—In a suit on a contract where the pleadings do not show whether the contract is written or oral, in the absence of the evidence and after verdict and judgment, the presumption is that the contract was written if a writing was necessary to support the judgment.

4. Contracts—Maintenance of Infant.—In a suit upon a contract for the maintenance and education of defendant's infant son, the

petition was not defective because it failed to allege that the expenditures were for necessaries where it showed that they were made for the things which the defendant agreed to pay for.

R. A. McDOWELL and MATT O'DOHERTY for appellant.

R. C. KINKEAD for appellee.

## OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This record comes to us without a transcript of the evidence. In such cases, the only question to be determined is whether the pleadings support the judgment. Bradford v. Jones, 150 Ky., 355; Duke's Admr. v. Kaelin, 90 S. W., 959, 28 Ky. L. R., 900; Anheuser-Busch Brewing Co. v. Seelbach, 19 Ky. L. R., 375; Louisville Bridge Co. v. Neafus, 23 Ky. L. R., 185.

This court will presume that the omitted portions of the record will support the judgment. Jones v. Jackson, 13 Ky. L. R., 253, 16 S. W., 458; Hackney v. Hoover, 23 Ky. L. R., 2061, 67 S. W., 48; Sanson v. Connelly, 141 Ky., 120, 132 S. W., 159; McKee v. Stein, 91 Ky., 240, 13 Ky. L. R., 49, 16 S. W., 583.

We gather from the briefs that the plaintiff, the appellee here, is a sister-in-law of the appellant, Myers. In 1901 the parties were living in Scranton, Pennsylvania. Domestic troubles arose between Myers and his wife, and they separated. Their infant son, Floyd Myers, then about five years old, came into the hands of Mrs. Saltry, the appellee. Her husband was a miner, and shortly afterwards they moved to Butte, Montana, where he worked in the mines. The appellant moved to Louisville and married again, and has continued to reside there.

The pleadings disclose this state of case: Mrs. Saltry filed a suit in the Jefferson Circuit Court against Myers, in which she alleged that in August, 1901, he placed his infant son, Floyd Myers, in her care and custody—

"And requested this plaintiff to rear, maintain and educate said child, and to expend such amounts as might be necessary for such purposes, agreeing and promising to reimburse this plaintiff to the extent of any and all such expenditures. This plaintiff further states that she took said child at said time and has retained the custody of him from said time until December, 1912; that she,

from her own means, provided said child with a home; maintained, clothed and educated him; nursed and cared for him in sickness with the faithfulness and affection of a mother; that said boy is now past the age of 16 years, and that on the 27th day of December, 1912, she brought said boy from her home in Butte, Montana, for such purpose, surrendered and returned him to his father, the said defendant, William C. Myers, who received him; and that the said Floyd Myers is now living with his father, the defendant. She states that she has during said time expended in the care, maintenance and education of said child, the sum of $4,974, and that defendant is indebted to her in said sum. That since the delivery of said boy to the defendant she has rendered to the defendant a full statement of said expenditures and demanded payment thereof, but the defendant has refused and still refuses to pay the same.''

A statement of the expenditures is filed with the petition as an exhibit, and she concludes with a prayer for the recovery of the amount above mentioned. The court overruled motion to make the petition and the statement of account more specific, and also overruled demurrer. The defendant answered in three paragraphs. The first was a traverse; the second was a plea of limitation; and the third relied upon the statute of frauds. Verdict and judgment was rendered in appellee's favor for the amount sued for.

The statement of account filed with the petition, we believe, was sufficiently specific to notify the defendant of the character of claim made, and to enable him to intelligently defend. The court did not err in overruling the demurrer. While the petition does not allege that the expenditures were made for necessaries, it shows the expenditures were necessarily made in fulfillment of the contract.

If, in fact, the contract was oral, it would not be within the statute of frauds requiring contracts to be in writing which are not to be performed in a year. While this contract for rearing and maintaining the child might continue for years—that is, until the child's maturity—yet it might be terminated within a year. The child might die within a year, and in such event, the contract would be terminated.

''If the performance of a contract depends upon a contingency which may happen within a year, then it is

not within the statute, although that contingency may not, in fact, happen until after the expiration of the year, and although the parties may not have expected that it would occur within that period. It is sufficient if a possibility of performance exists.'' Stowers v. Hollis, 83 Ky., 584; Standard Oil Co. v. Denton, 24 Ky. L. R., 906; McDaniels v. Hutcherson, 136 Ky., 412; Whitley v. Whitley, 26 Ky. L. R., 134.''

While the child could not receive a complete education within a year, still, had it died during the year, the plaintiff certainly would have been permitted to recover, *pro tanto,* the expense incurred during that year for education. Of course, it was not contemplated by the parties that the contract would be completed within a year, nor did they expect anything to happen within a year that would terminate it, but it is the possibility of such a contingency that takes the case out of the statute of frauds. Nor do we believe the statute of limitations can be invoked. The contract was a continuing one, and it contemplated the period of the boy's minority and became due and payable at the expiration of that period, or when his education was completed.

For purposes of this case, it might be conceded that appellant's position with reference to the statutes of limitation and frauds is correct on oral contracts, but in the absence of the transcript of evidence we cannot say that the contract was oral. As the petition does not say whether it was written or oral, on demurrer the court would take it to be an oral contract. But the allegation was sufficient to justify the introduction in evidence of a written contract. In the absence of the evidence, and after verdict and judgment, the presumption is that the contract was written if a writing was necessary to support the judgment. In the absence of a transcript we may presume that proof of a written contract was introduced without objection, and also that without objection plaintiff proved an express promise to pay the debt, such as would take it out of the statute of limitation. The rule is that pleadings are liberally construed after verdict and judgment to sustain the judgment, whereas, on demurrer and before judgment they are strictly construed against the pleader. Any formal defect in pleadings is deemed cured by a verdict and judgment. Winstead v. Hicks, 135 Ky., 154; Hill v. Ragland, 114 Ky., 209, 70 S. W.,

634, 24 Ky. L. R., 1053; Dunekake v. Beyes, 79 S. W., 209, 25 Ky. L. R., 2002; Ashland, etc. R. Co. v. Lee, 82 S. W., 368, 26 Ky. L. R., 700; Harmon v. Thompson, 84 S. W., 569, 27 Ky. L. R., 186.

Appellant insists that the petition was defective for another reason. He calls attention to the averment of Myers' request of her "to expend such amounts as might be necessary for such purposes," and his promise to repay her for such necessary expenditures, and the failure to allege that the expenditures she claimed to have made were necessary. But this is a suit upon a contract, and not one to recover upon the liability imposed by law upon a parent for necessaries furnished an infant. The petition alleges that she provided the child with a home; maintained, clothed and educated him; nursed and cared for him in sickness, and in that way expended the amount claimed in the petition. While she does not expressly allege that they were necessaries, yet they were just such things as Myers agreed to pay for, and when one alleges that the expense was incurred in order to furnish a home, maintain, clothe and educate the child, and nurse and care for him in sickness, it would be surplusage to say that these things were necessary. The case of Ashland, etc. Ry. Co. v. Lee, 26 Ky. L. R., 699, was like this, in that there was no bill of evidence in the record. It was a suit to recover damages for personal injuries received by Lee in attempting to board a car to be transported as a passenger. The petition was defective in failing to allege facts showing a knowledge by the servants of his presence, or negligence on their part in not ascertaining his presence at the time he was attempting to ascend the steps of the car.

In that case the court said:

"In this case we have not the proof before us and we must presume that proof was introduced showing that appellant's servants had knowledge of the presence of appellee at the time he was attempting to get on the car, or that the car had stopped for passengers at that place and by the exercise of ordinary care on their part they could have ascertained his presence. Without proof of this character the court could not have submitted the case to the jury, nor could the jury have rendered a verdict for appellee. The appellant did not bring the evidence here, and it must be presumed that the lower court

did its duty in this regard and would not have submitted the case to the jury unless such evidence has been introduced."

For the reasons stated, the judgment must be affirmed, and it is so ordered.