# Pacific Mutual Life Insurance Company v. Taylor.

(Decided October 20, 1915.)

## Appeal from Knox Circuit Court.

1. Appeal and Error—Transcript of Evidence—Absence of—Effect.— In the absence of the transcript of evidence, this court will presume that the omitted portions of the record will support the judgment, and the only question to be determined is whether the pleadings support the judgment.

2. Appeal and Error—Pleading—Contract—Inconsistency.—In a suit on an accident insurance policy the court cannot, in the absence of the policy itself, determine whether or not it contradicts the pleadings.

3. Pleading—Construction—Effect of Verdict and Judgment.—After verdict and judgment, pleadings will be liberally construed to support the judgment, and any formal defect will be held to be cured by the verdict and judgment.

4. Pleading—Construction—Effect of Verdict and Judgment.—A petition in an action to recover on an accident insurance policy, which alleges that at the time of the accident the policy "was alive and in full force and had been so kept and maintained

since the date of its execution and delivery," is sufficient, after verdict and judgment in favor of plaintiff, to support the judgment.

J. M. ROBSION for appellant.

GOLDEN & LAY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On October 8th, 1912, the Pacific Mutual Life Insurance Company of California, issued to George F. Taylor a contract of accident insurance, in which his wife, Sarah J. Taylor, was named as beneficiary. George F. Taylor died on May 1st, 1913. Mrs. Taylor brought this suit to recover on the policy. The petition charges, in substance, that on October 8th, 1912, the defendant signed, executed and delivered to George F. Taylor a contract of insur-. ance, in which plaintiff was made and named as beneficiary; that by said contract it agreed and promised to pay to her as such beneficiary the sum of $600, in case of the death of George F. Taylor caused solely by external, violent and accidental means, excluding suicide or any attempt thereat; that George F. Taylor died on May 1st, 1913; that his death was caused solely by external, violent and accidental means and not from suicide, or any attempt thereat; and that said contract of insurance was alive and in full force and had been so kept and maintained since the date of its execution and delivery. A trial before a jury resulted in a verdict and judgment in favor of plaintiff for $600. The company appeals.

On motion of the plaintiff below, the transcript of evidence has been stricken from the record. The policy of insurance is not made a part of the record but appears only in the transcript of the evidence, which has been stricken from the record. In the absence of the transcript of the evidence, it will be presumed that the omitted portions of the record will support the judgment, and the only question to be determined is whether or not the pleadings support the judgment. Jones v. Jackson, 13 Ky. L. R., 253; 16 S. W., 458; Hackney v. Hoover, 23 Ky. L. R., 2061; 67 S. W., 48; Sanson v. Connelly, 141 Ky., 120; 132 S. W., 159; McKee v. Stein, 91 Ky., 240; 13 Ky. L. R., 49; 16 S. W., 583; Bradford v. Jones, 150 Ky., 355; Duke's Admr. v. Kaelin, 90 S. W.,

959; 28 Ky. L. R., 900; Anheuser-Busch Brewing Co. v. Seelbach, 19 Ky. L. R., 375; Louisville Bridge Co. v. Neafus, 23 Ky. L. R., 185; Myers v. Saltry, 163 Ky., 481. In the absence of the policy of insurance, we are unable to say that it contradicts the averments of the petition or the amended petition. It is insisted that the petition is defective because it does not allege that the premiums on the policy were paid, but merely that the policy "was alive and in full force and had been so kept and maintained since the date of its execution and delivery." It is argued that this allegation is a mere conclusion and, therefore, insufficient. In the absence of the transcript of evidence, it will be presumed that the premiums necessary to keep the policy in force were paid. It is the rule that after verdict and judgment pleadings are liberally construed to sustain the judgment, and that any formal defect in the pleadings is deemed to be cured by a verdict and judgment. Winstead v. Hicks, 135 Ky., 154; Hill v. Ragland, 114 Ky., 209; 70 S. W., 634; 24 Ky. L. R., 1053; Dunekake v. Beyes, 79 S. W., 209; 25 Ky. L. R., 2002; Ashland, etc. R. Co. v. Lee, 82 S. W., 368; 26 Ky. L. R., 700; Harmon v. Thompson, 84 S. W., 569; 27 Ky. L. R., 186; Myers v. Saltry, *supra.* Though the petition in this instance may have been technically defective, yet we conclude that, under the above rule, its allegations are sufficient after verdict and judgment to support the judgment.

Judgment affirmed.