## Vasa Company v. Ohio Valley Banking & Trust Company.

(Decided November 23, 1915.)

### Appeal from Henderson Circuit Court.

Appeal and Error—Bill of Evidence—Effect of Failure to File.— When there is no bill of evidence in the record in a common law action, this court will only consider the sufficiency of the pleadings to support the judgment.

JOHN C. WORSHAM for appellant.

MONTGOMERY MERRITT and YEAMAN & YEAMAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL.—Affirming.

The substance of the petition in this case is that the Vasa Company, a corporation, in November, 1912, pur-

chased a storehouse in the city of Henderson from Mrs. Bucholz for the sum of $6,500, executing its notes for deferred payments amounting to $4,000. That the deed to the property provided that if any of the notes for the unpaid purchase money were not paid within thirty days after maturity, the whole of the purchase money should become collectible. That one note for $300.00 fell due in May, 1913, and was before maturity placed with the Planters' Bank, now the Ohio Valley Banking & Trust Company, for collection, and the bank demanded of it payment of the note. That it did not, as it then believed, have the money with which to pay the note, and Mrs. Bucholz notified it that unless the note was at once paid, she would bring suit to enforce her lien. That in order to prevent loss of what it had paid on the purchase price, it sold the house for $5,000, although it was reasonably worth $6,500, losing thereby $1,500.

It further averred that prior to the maturity of the note, it kept an account with the bank and during said time it had left various notes with the bank to be discounted and placed to its credit, and at the time the purchase money note matured it was entitled to a credit on the books of the bank of $2,420, which fact was known to the bank but was unknown to it, because the bank informed it that it had no sum to its credit and refused to give it a statement of its account, although the same was demanded. That at the time the note matured it did not have sufficient funds, exclusive of this $2,420, to pay the purchase money note, and by reason of the refusal of the plaintiff to inform it of the correct state of its account, it was unable to pay the note. It was further averred that in September, 1913, it was notified by the bank that it had a balance of $2,420. That if it had known this fact it could have paid said note and saved its property.

The answer was a traverse of the averments of the petition, and a statement of fact.

On a trial of the case there was a directed verdict for the bank, and the Vasa Company appeals.

There is no bill of evidence with the record, and so we are concerned only with the sufficiency of the pleadings, or rather the sufficiency of the answer, to support the judgment, and there is, of course, no question about this: Myers v. Saltry, 163 Ky., 481, and 164 Ky., 350.

But aside from this, the petition does not state any cause of action, and consequently, if the evidence were here, it would not help the case for the appellant. There is no averment that it could not have raised the money to pay this $300, or that it could not have made other arrangements that would have satisfied Mrs. Bucholz, or have effected a postponement of the sale. There is no averment that the property could have been sold at the time it was sold for more than $5,000. It may, as averred, have been reasonably worth $6,500, but whether it could have been put on the market and sold for more than $5,000 is not made to appear.

There are other objections to the sufficiency of the petition, but we are well satisfied that it did not state any cause of action, and the judgment is affirmed.