## George Washington Life Insurance Company v. Norcross.

(Decided November 9, 1917.)

### Appeal from Warren Circuit Court.

1. Appeal and Error—Question Reviewable—Record Without Transcript of Evidence—Presumptions.—Where the record is without a transcript of the evidence, the court on appeal will presume that the omitted parts of the record will sustain the verdict and the only question to be determined is whether the pleadings support the judgment.
2. Pleading—Construction After Verdict and Judgment.—Pleadings are liberally construed after verdict and judgment to sustain the judgment and any defect is deemed cured.

T. W. THOMAS and R. C. P. THOMAS for appellant.

W. R. GARDNER and PROCTOR & GARDNER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On October 7, 1914, the George Washington Life Insurance Company issued and delivered to Seaton A. Norcross and his wife, Jennie F. Norcross, a joint life policy by which it agreed to pay the survivor the sum of $1,000.00, on proper proofs of the death of the other. Jennie. F. Norcross died on January 6, 1916, and the company having denied liability, the beneficiary, Seaton A. Norcross, brought this suit to recover on the policy. A trial before a jury resulted in a verdict and judgment in his favor, and the company appeals.

The case is one involving several questions of fact and is here without a transcript of the evidence. Under such circumstances, it will be presumed that the omitted portions of the record will sustain the verdict and the only question to be determined is whether the pleadings support the judgment. To this end, pleadings are liberally construed after verdict and judgment to sustain the

judgment and any formal defect is deemed cured. Myers v. Salty, 163 Ky. 481, 173 S. W. 1138; Pacific Mutual Life Insurance Company v. Taylor, 166 Ky. 323, 179 S. W. 199. Viewing the pleadings in this case in the light of this rule, there can be no doubt that they support the judgment.

Judgment affirmed.