## Crofton v. Louisville & Nashville Railroad Company.

(Decided November 20, 1917.)

Appeal from Hopkins Circuit Court.

1. Appeal and Error—Multiplicity of Suits—New Trial.—A ruling of the circuit court compelling the trial together of twenty-one actions against a common carrier for damages, all growing out of one and the same transaction or series of transactions resulting, as alleged, from the negligence of such carrier, will not be considered on appeal as a ground for reversing the judgment entered on a verdict in favor of the carrier, unless such ruling was relied on as a ground for a new trial in the motion made therefor in the circuit court.

2. Appeal and Error—Instructions.—Where on appeal only two of five instructions given on the trial of a case in the circuit court are contained in the bill of exceptions, and five instructions that were refused on the trial are not contained therein, the Court of Appeals will not reverse the judgment of the circuit court for any error that court may have committed in instructing or failing to instruct the jury.

3. Appeal and Error—Bill of Exceptions—Verdict.—Where on appeal only a part of the plaintiff's evidence heard in the circuit court by the jury, appears in the bill of exceptions and none of the evidence introduced in that court for the defendant appears therein, the appellate court will be unable to say, and without authority to determine, whether the verdict is, or is not, supported by the evidence.

4. Appeal and Error—Absence of Bill of Evidence.—In the absence from the record of a bill of evidence, the appellate court can only determine whether the pleadings support the judgment.

LUKE A. TEAGUE and JOHN READING for appellant.

BENJAMIN D. WARFIELD and LAFFOON & WADDILL for appellee.

Opinion of the Court by Chief Justice Settle—
Affirming.

The appellant, Mrs. Joe Crofton, and twenty other persons, brought separate actions in the Hopkins circuit court against the appellee, Louisville & Nashville Railroad Company, seeking the recovery of damages for failing to provide them with a suitable passenger coach in which to be carried over its railroad from Madisonville by way of Guthrie, Louisville and Jackson, to Fleming, Ky. It being alleged in the several petitions that after the plaintiffs and about fifty or more other passengers reached Guthrie from Madisonville they were negligently placed by appellee in a car in which they were carried by way of Louisville, Lexington and Jackson to Fleming; that it took about thirty-three hours to make the trip and that the car in which they were carried from Guthrie to Fleming was inadequate in size to accommodate them and the other passengers therein; that the window panes were broken and many of the windows open, which caused the passengers therein to be exposed to drafts of cold air and inclement weather; that the car was insufficiently provided with seats and contained but one toilet, and was also without sufficient heating apparatus; and that after arriving at Jackson the coach in which they were riding was attached to a freight train as a part of which it was carried from Jackson to Fleming. By all of which the passengers were, as alleged, subjected to great physical and mental pain, caused by the negligence of the appellee in failing to provide them with a car or cars reasonably and suitably equipped for the safety and comfort of passengers.

Appellee filed an answer to each of the petitions in two paragraphs, the first containing a traverse. In the second paragraph, it was, in substance, alleged that the car in question contained miners, their wives and children, from Madisonville and vicinity, the former having been employed by one Jenkins, the agent of a coal company, at Fleming, Ky., to remove to that place that the men might labor in the coal mines thereof; and that Jenkins purchased the tickets for the transportation of such persons from Madisonville to Fleming and he alone contracted for their transportation; that the contract was made only about thirty minutes before the train left Madisonville and without previous notice to appellee that it would be expected to transport them; that the car it provided Jenkins was accepted by him as in every

way suitable therefor and that it was properly heated as far as Jackson, and otherwise provided with good and sufficient equipment, reasonably suitable for the needs and comfort of the persons for whose passage Jenkins had paid. `But that when the car arrived at Jackson there would have been a necessary delay of many hours in awaiting the leaving of the regular passenger train for Fleming, on account of which appellee was required by the coal company and its agent, Jenkins, to attach the car to a freight train to be carried to Fleming, which was done with the consent of appellant and the other passengers thereon, that they might the more quickly and conveniently reach Fleming, the final point of destination. All affirmative matter in each of the answers was controverted by reply.

In each of the several actions a motion was made by the plaintiff to strike the second paragraph from the answer, and each filed a demurrer to that paragraph. The motions and demurrers were overruled by the court. Thereupon, the court, upon its own motion, entered an order directing that the cases be tried together, and they were so tried; the trial resulting in a verdict for appellee in each of the several cases. Following the trial motions were made and grounds filed by the plaintiffs for a new trial, which motions were overruled, and from the judgment entered in conformity to the verdict in appellant's case, she has appealed. If any of the other plaintiffs in the several actions have appealed, it is not disclosed by the record before us.

The grounds urged by the appellant for the reversal of the judgment are that the court erred (1) in requiring the several cases to be tried together; (2) in giving instructions 1, 2, 3, 4 and 5, and in rejecting instructions a, b, c, d, and e, offered by appellant; (3) that the verdict was contrary to and is unsupported by the evidence. The first of these grounds cannot be considered upon the appeal as it was not relied on for the new trial asked in the court below. The second ground is also excluded from our consideration, because of the five instructions given on the trial, 3, 4 and 5 do not appear in the bill of exceptions, and none of the rejected instructions can be found therein. In other words, only instructions 1 and 2 appear in the bill of exceptions, to neither of which do appellant's counsel object. But if it were patent that either of these instructions contained error, it would not afford cause for a reversal of the judgment appealed

from, as it is a well known rule in this jurisdiction that where the bill of exceptions does not contain all the instructions given the court cannot reverse for an error in instructing the jury. Higgins v. L. & N. R. R. Co., 18 R. 899; Nave v. Riley, 146 Ky. 276; Huffman v. Charles, 30 R. 197.

Appellant's complaint that the verdict was contrary to, and is without support from, the evidence cannot be sustained. The evidence heard on the trial does not appear to have been taken by a court stenographer, but there was an attempt by appellant's counsel to prepare a bill of evidence under the practice formerly obtaining in this jurisdiction, which is still permissible if the bill be made to state the name of each witness testifying, both for the plaintiff and defendant, and the substance of his testimony, or the material facts which it conduced to prove. The bill of evidence in this case shows that numerous witnesses testified both for the appellant and appellee, but the name of no witness testifying for either party is given, nor is the testimony of any witness set forth. There is, it is true, a statement to the effect "that plaintiff's witnesses testified that the following facts are true," which statement is followed by a mere repetition of the facts alleged in the petition as constituting the appellant's cause of action. After the above appears the following statement:

"It is further agreed that the evidence for the plaintiffs was sufficient to support a verdict for them; and also that the witnesses for defendant testified to the facts alleged in the answer, and that the evidence for the defendant was sufficient to sustain a verdict for it."

It will thus be seen that not even the substance of the evidence introduced in the appellee's behalf is shown by the bill. Manifestly, the bill in the form presented is wholly insufficient to show what evidence was introduced by either party on the trial in the lower court. In Beavens v. Phillips, 83 Ky. 88, we held that:

"The bill of exceptions does not state the facts which the testimony conduced to prove, when it only states 'that the evidence in the case was conflicting, and conduced to show the facts respectively claimed in the pleadings.' The bill should state the material facts which the evidence conduced to prove." Garrott v. Ratliff, 83 Ky. 384; Bracken County v. Robertson County Court, 6 Bush 69; Wing, &c., v. Dugan, 8 Bush 583; Murphy v. Roney, 26 R. 634.

It is also a well recognized rule, repeatedly announced by this court, that in the absence of any part of the evidence the court will not consider any question relating to the testimony offered or introduced on the trial. L. &. N. R. R. Co. v. Finley, 86 Ky. 294. Moreover, the Court of Appeals will presume, in the absence of a bill of evidence, that the court properly overruled a motion for a new trial. Quaid v. Cornwall & Bro., 13 Bush 601. Where there is no bill of evidence in the record, the appellate court can only determine whether the pleadings support the judgment. Pacific Mutual Life Insurance Co. v. Taylor, 166 Ky. 323; Graves Committee v. Lyons, 166 Ky. 446; Vasa Co. v. Ohio Valley Banking & Trust Co., 167 Ky. 4; Myers v. Saltry, 163 Ky. 481; Myers v. Same, 164 Ky. 350.

As already remarked, the so-called "bill of evidence" in this case falls far short of showing what or how much evidence was heard on the trial in the court below; and in view of appellant's agreed statement, contained in the record, that appellee's evidence was sufficient to support the verdict in its behalf we are at a loss to understand upon what theory she rests her complaint that it is contrary to the evidence.

The record does not call for a review of the action of the trial court in overruling appellant's motion to strike from appellee's answer the second paragraph, or in overruling her demurrer to that paragraph; hence, the question whether the matters alleged therein would constitute a good defense to the cause of action alleged in the petition is not passed on.

Judgment affirmed.