## HUFF v. FORD.

(District Court, S. D. Florida, at Miami. September 9, 1922.)

No. 1500.

1. **Action ☞40—Declaration for breach of contract covering two separate patents not multifarious.**

   The declaration in an action for breach of a contract to pay royalties for use of a patented device is not multifarious because the device embodies inventions of plaintiff covered by two separate patents.

2. **Frauds, statute of ☞50(1)—Agreement held dependent on contingency and not within statute.**

   A parol agreement by defendant to pay the inventor of a patented magneto a royalty on each one made and used by him is one depending on a contingency which might happen within one year, and is not within the statute.

3. **Frauds, statute of ☞150(1)—Defense of statute of frauds not available by demurrer.**

   Under the Florida system of pleading, the defense of the statute of frauds cannot be raised by demurrer.

At Law. Action by Edward S. Huff against Henry Ford. On demurrer to, and motion for compulsory amendment of, seventh count of declaration. Overruled.

The seventh count of plaintiff's declaration reads as follows:

And for the seventh count, plaintiff says: That the defendant, Henry Ford, was on, to wit, March 2, 1908, and for several years prior thereto, engaged in the manufacture of certain automobiles, commonly known as "Ford automobiles"; that up to a short time theretofore, to wit, the 5th day of January, A. D. 1908, and for several years prior thereto, plaintiff was in the employ of the said defendant as an electrical and mechanical engineer. The defendant, being desirous of improving the mechanism of the automobiles which he manufactured, did, a short time prior to March 2, 1908, on, to wit, the 5th day of January, 1908, enter into an agreement with the plaintiff, whereby the plaintiff agreed with the defendant to invent a magneto for the defendant that would work on the flywheel of an automobile, for and in consideration of the defendant agreeing that, upon the inventing by the plaintiff of such a magneto, the defendant would pay the plaintiff a reasonable amount as a royalty on each of the magnetos so invented and manufactured and used by the defendant in the construction and manufacture of his said automobiles. That, in compliance with the terms and conditions of the said agreement entered into between the plaintiff and the defendant, the plaintiff thereafterwards did invent a magneto that would work on the flywheel of an automobile, and on the 2d day of March, 1908, the said plaintiff made due application to the United States Patent Office for a patent to be issued for his said invention, and in due course, to wit, on the 8th day of July, 1913, a patent was issued for said invention, same being numbered 1,066,729, a copy of which patent is hereto attached, marked Exhibit A, and made a part hereof. said patent being issued to the defendant, Henry Ford, as assignee of Edward S. Huff. That, after inventing the said magneto hereinbefore mentioned, this plaintiff continued to experiment and exercise his skill and knowledge as an

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

electrical and mechanical engineer in an effort to improve upon the said magneto so invented as aforesaid by the plaintiff, and did invent a certain new and useful improvement in flywheel magnetos, and did on the 27th day of April, 1908, make due application to the United States Patent Office for a patent to be issued for said invention, and in due course, to wit. on the 26th day of May 1914, a patent was issued for said invention, same being numbered 1,098,361, a copy of which patent is hereto attached, marked Exhibit B, and made a part hereof, said patent being issued to Henry Ford, as assignee of Edward S. Huff. That the issuing of said patents numbered 1,066,729 and 1,098,361, above mentioned, for the two inventions of the plaintiff, to Henry Ford, as assignee of Edward S. Huff, was at the request and authorization of the plaintiff to the Commissioner of Patents of the United States, in furtherance of the conditions of the aforesaid agreement between the plaintiff and the defendant. That the defendant did accept the two inventions aforesaid, invented by the plaintiff, which said inventions were not known or used before the invention thereof by the plaintiff, and which were not, at the time of the plaintiff's application for patents therefor, in public use, and the defendant accepted the letters patent issued by the United States Commissioner of Patents for the two said inventions, and the defendant did use and cause to be used, and is now using and causing to be used, the magneto and improvement in flywheel magnetos so invented as aforesaid by the plaintiff, in the manufacture of his automobiles, known as "Model T Ford Automobile," and the defendant did use and cause to be used, and is now using and causing to be used, the magneto and improvement in flywheel magnetos so invented as aforesaid by the plaintiff, in the manufacture of his tractors, known as "Fordson tractors," and the defendant did use and cause to be used, and is now using and causing to be used, the magneto and improvement in flywheel magnetos so invented as aforesaid by the plaintiff in the manufacture of his trucks, known as "Ford trucks," and has so used, to wit, 4,500,000 of said magnetos and improvement in flywheel magnetos, and continues to use the same in the manufacture of his said automobiles, tractors, and trucks; and although this plaintiff has done and performed all the things and acts on his part to be done and performed in accordance with the terms and conditions of the said agreement hereinbefore mentioned, entered into between the plaintiff and the defendant, yet the defendant has failed and refused to carry out, keep, and perform the agreements on his part to be kept and performed, although plaintiff has repeatedly requested him so to do, except that the defendant did pay to this plaintiff the sum of $10,000, which was agreed to be paid by the defendant to the plaintiff upon the manufacturing and using by the defendant of the first 20,000 magnetos and improvements thereto which had been invented by the plaintiff. That the plaintiff says that a reasonable royalty for the use of said inventions covered by the patents hereinbefore mentioned, which have been and are now being used by the defendant, under the agreement hereinbefore mentioned, is reasonably worth, to wit, $2.50 each upon each magneto and improvement thereto.

Wherefore the plaintiff brings this suit against the defendant and claims damages in the sum of $11,000,000.

James M. Carson and Thomas B. Norfleet, both of Miami, Fla., for plaintiff.

Shutts & Bowen, of Miami, Fla., for defendant.

CLAYTON, District Judge. To the six common counts in the declaration the defendant interposes the plea of general issue of not guilty. The seventh count undertakes to declare more fully what the cause of action really is, and this is done in some 1,200 or more words employed in the count, to say nothing of the exhibits attached. Against this count the demurrer and the motion for compulsory amendment are directed. While various grounds are assigned for the

demurrer, those of any importance are few, and I think can be sufficiently dealt with in a brief way.

The objection that this count is too vague or uncertain is not well founded, for I think in plain and unambiguous language the plaintiff has stated an actionable cause. The plaintiff's grievance against the defendant is stated in understandable language. I think an intelligent layman would know what the suit is about, and the courts and lawyers must not be more dense than laymen.

[1] As to multifariousness of subject-matter, it must be said that this charge cannot be supported. The allegations are to the effect that the two patents are covered by the one agreement between the plaintiff and the defendant. This frees the declaration of the charge that two separate subjects-matter are alleged in the one suit, for the suit is founded on the one agreement declared in the complaint. It is manifest that the plaintiff claims under one agreement covering both patents. The suit is founded on the one agreement, not on one or the other of the patents. Both patents together constitute one inseparable feature, covered by the one agreement.

The plaintiff has declared on an agreement and its breach. He does not, directly or by any justifiable inference, say that it was in writing. However that may be, it is but a matter of evidence and no rule of pleading requires the plaintiff to plead his evidence. If the statute of frauds is attempted to be invoked by the demurrer, and this is not clear, it seems to me that such defense should be interposed by special plea, or by objection to evidence on the trial, or by peremptory instruction of the court to the jury.

[2, 3] The agreement here declared on depending on a contingency, which contingency might happen in one year, does not come within the statute of frauds. Warner v. Texas & P. R. Co., 164 U. S. 418, 17 Sup. Ct. 147, 41 L. Ed. 495; Myers v. Saltry, 163 Ky. 481, 173 S. W. 1138, Ann. Cas. 1916E, 1134; Deane v. Hodge, 35 Minn. 146, 27 N. W. 917, 59 Am. Rep. 321; Hecker v. Fowler, 2 Wall. (69 U. S.) 123, 17 L. Ed. 759; 13 Corp. Juris, p. 714; Wilkes v. Stacy, 113 Ark. 556, 169 S. W. 796.

It seems that in some Code states the statute of limitations of the statute of frauds can be urged to demurrer; but I do not think that the wise liberalized system of pleadings in Florida has gone that far.

The conclusion is that the demurrer and motion for compulsory amendment must be overruled.