CASE 95—ACTION ON CONTRACT—FEB. 23.

# Dickey v. Dickinson.

### APPEAL FROM BARREN CIRCUIT COURT.

STATUTE OF FRAUDS—CONTRACT NOT TO BE PERFORMED WITHIN A YEAR.—An agreement upon a sufficient consideration not to engage in the newspaper business in the town of Glasgow, is not within that clause of the statute of frauds and perjuries which requires contracts not to be performed in one year to be in writing.

BOLES & DUFF, FOR THE APPELLANT.

1. The agreement sued on is not within the statute of frauds because it is strictly a personal contract and may possibly be

Dickey v. Dickinson.

performed within the year. Ky. Stats., sec. 470, sub-sec. 7; Stowers v. Hollis, &c., 83 Ky., 548; Myles' Exr. v. Myles, 6 Bush, 237; Davis v. Brown, 17 Ky. Law Rep., 1429.

WM. H. HOLT, ON THE SAME SIDE, TO THE SAME POINT, CITED:    Ky. Stats., sec. 470, sub-sec. 7; Dant v. Head, 90 Ky., 255; Davis v. Brown, 17 Ky. Law Rep., 1429; Howard's Admr. v. Burgen, 4 Dana, 137; Myles' Exr. v. Myles, 6 Bush, 245; King's Exrs. v. Hanna, 9 B. M., 369; Stowers v. Hollis, 83 Ky., 548; Rogers v. Brightman, 10 Wis., 65; Doyle v. Dixon, 97 Mass., 208; Brown on Statute of Frauds, secs. 274-277.

W. L. PORTER FOR THE APPELLEE.

The contract sued on was within the statute of frauds, 9 Bush, 463; 8 Am. & Eng. Ency. of Law, 686 and note 3; Day v. N. Y. Cent. R. R. Co., 22 Hun. (N. Y.), 412; McPherson v. Cox, 6 Otto, (U. S. R.) 404; W. A. & G. R. Co. v. Sickly, 5 Wallace, 580; Lawyers' Co-op. ed. U. S. Reps., 18-1554.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant, Dickey, plaintiff below, filed his petition and amended petition in the Barren Circuit Court, alleging that on the 6th day of January, 1897, he purchased from the appellee, Dickinson, his one-third interest in a certain newspaper (the Glasgow Times) then being published in the town of Glasgow, and paid therefor the price of $2,250, cash; that, as a part of the consideration entering into the contract, the appellee, Dickinson, obligated himself to the appellant not to again engage in newspaper business in the town of Glasgow. Appellant further alleged that he immediately took possession of the one-third interest purchased, and, in connection with others, continued to publish the Glasgow Times, and was so publishing the same at the time of the institution of this action; but that the appellee, Dickinson, in violation of his contract, had engaged himself with others in publishing another newspaper in Glasgow, known as the Glasgow Semi-weekly News, which

paper appellee and others had been publishing regularly twice a week since the 16th day of March, 1897. The appellant further says that, on account of the violation of the alleged contract by Dickinson in publishing the Semi-weekly, the receipts of the Glasgow Times have been reduced, the profits lessened, the expenses increased, and his business to a certain extent impaired, to his damages in the sum of $1,250, for which amount he asked judgment.

On demurrer the petition was dismissed. The correctness of that judgment depends on the question whether this contract, admitted to be verbal, comes within out statute of frauds, which prohibits one from being charged on account of a contract 'not to be performed within a year," unless the same be in writing, or there be some memorandum signed by the party to be charged therewith.

We can not agree with counsel for appellant that the statute can have no application to contracts of this character. A contract to refrain from doing a thing may be one not to be performed within a year, and is capable of being embraced within the terms of the statute. Thus, it would seem that if A., in 1896, agreed with B. that he would not publish a newspaper published in the town of C. during the presidential year of 1900, the contract would be within the statute. There the stipulation of the contract leaves no uncertainty as to the time of its performance,—that is, the time of the act of refraining; and this time is expressly postponed beyond a year from the making of the contract. In such case the contract is capable of being performed only beyond the year. The death within a year of the party contracting to refrain might render the contract a dead letter, and its performance impossible. Still, the statute looks to the performance, and not to the defeat, of the contract, and the death can not be said to be a

contingency upon the happening of which the con-
tract becomes executed. The law refers to a con-
tract which, by its terms, is not to be performed
within a year, and which, from its very stipulations,
is not capable of being performed within a year.
But, if A. agree to pay B. certain money when B. marries,
the agreement is not within the statute, because the time
of performance is not fixed in the contract at a period be-
yond a year.  So, a contract to provide for one during his
life is not within the statute for the same reason.  In
these illustrations there is nothing in the contract pre-
cluding their performance within a year by fixing the time
of performance beyond a year.  A contract not to again
engage in publishing a newspaper in a given place is a
personal contract not to do so during the life of the party
so contracting; and, if his death ensue without his having
done so, the contract is fully performed.  Such a contract
does not fix in terms a time certain for its performance,
and hence it can not be said that it fixes the time for per-
formance beyond a year.  The time is left open by the
parties, and, if death may fulfill it or effect its performance
within a year, the contract is not within the statute.

Discussing a similar question, this court, in the case of
Stowers v. Hollis, 83 Ky., 548, said:  "If the performance
of a contract depends upon a contingency which may hap-
pen within a year, then it is not within the statute, al-
though that contingency may not in fact happen until after
the expiration of the year, and although the parties may.
not have expected that it would occur within that period.
It is sufficient if the *possibility* of performance existed."
There the court held that notwithstanding the fact that
the contract to support a child was verbal, and was to
cover an indefinite number of years, still the contract might

have been completed and fulfilled by the death of the child within a year from the time of the making of the contract.

The case of Blanchard v. Weeks, 34 Vt., 589, was a case where a physician, for a certain consideration, verbally agreed that he would refrain forever from the practice of medicine and surgery in a certain vicinity, while another of his own profession, who had paid the consideration, should reside and practice medicine and surgery in the named vicinity. In discussing the question as to whether such contract was within the statute of frauds, the court there said: "This stipulation in its character is strictly personal, to be performed by the defendant himself, and one which can never become binding upon his representatives or any other person. It is not to be performed by any active agency of the defendant, but only requires a passive acquiescence in its provisions. It is binding upon the defendant while he lives; but at his death all obligation terminates, the end sought to be attained by it is fully accomplished, and the contract is then performed. Although the expressions are that the defendant will refrain from the act, *forever*, it is but saying that he will not do the act, the obligation of which ceases at his death. It is a contract, therefore, to be performed during the life of the defendant, and, if not violated during his lifetime, is fully performed at his death."

And so, in the case of Lyon v. King, 11 Metc. (Mass.), 411 [45 Am. Dec., 219], the court held that an oral agreement "not to hereafter engage in the stable or livery business in S," is not within the statute of frauds. The court there said: "In the case at bar the contract might have been wholly performed within a year. It was a personal engagement to forbear doing certain acts. It stipulated nothing beyond the defendant's

Dickey v. Dickinson.

life. It imposed no duties upon his legal representatives, as might have been under the contract to perform certain positive duties. The mere fact of abstaining from pursuing the staging and livery stable business, and the happening of his death, during the year, would be a full performance of this contract. Any stipulations in the contract looking beyond the year depended entirely upon the contingency of the defendant's life; and, this being so, the case falls within the class of causes in which it has been held that the statute does not apply."

The cases along this line are numerous, and there are none to the contrary. It will be found upon examination that the statutes of frauds in the States of Vermont and Massachusetts, as discussed in the decisions heretofore cited, are quite similar to our own statute of frauds.

It is insisted by counsel for appellee in the case at bar that the contract under consideration is not like a contract to do a thing that might be accomplished in a year, but that it is a contract not to do a certain thing at all, in a certain place. The contract, as alleged, could not be performed within a year. The decisions above quoted meet this question fully, holding that it was possible that the contract could have been performed and fulfilled within a year by the death of the obligor

The obligation of the appellee is not one that survives. The obligation determines and is fulfilled upon the death of the obligor; and, while it may not be at all probable that this contingency—the death of the obligor within a year—would happen, yet it is clearly possible of performance. The judgment is reversed for proceedings consistent herewith.