## Lee v. McCrocklin's Adm'r.

(Decided Jan. 20, 1933.)

MARK BEAUCHAMP for appellant.
SHACKELFORD MILLER, Jr., for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Sadie Miller Lee sued the administrator with will annexed of Mary Lee McCrocklin for $12,000 alleged to be due her on an oral contract made with Mrs. McCrocklin, her petition was dismissed, and she has appealed. The substance of this petition is:

"Plaintiff states that heretofore, about the years 1890 and 1891 the said Mary Lee McCrocklin, then Mary Lee Farnsley, entered into an agreement with this plaintiff under the terms of which the said Mary Lee Farnsley promised and agreed to leave, will and devise to the plaintiff herein all the estate of the said Mary Lee Farnsley for and in consideration of the services which had been rendered to said Mary Lee Farnsley by this plaintiff and in consideration of the assistance rendered to the said Mary Lee Farnsley by this plaintiff, and in consideration of the love and affection which the said Mary Lee Farnsley had for this plaintiff and in consideration of further services and assistance which the plaintiff agreed to render to said Mary Lee Farnsley, and that at said time both the plaintiff herein and Mary Lee Farnsley were sui juris. Plaintiff states that she continued to furnish said services and assistance to the said Mary Lee Farnsley during the remainder of the life of said Mary Lee Farnsley, who subsequently married one Isaac McCrocklin, taking the said name of McCrocklin, which was the name of the said Mary Lee Farnsley McCrocklin at the time of her death, which occurred in January, 1930.

"Plaintiff states that as a further evidence of the intention and purpose of said Mary Lee McCrocklin, then Farnsley, to carry out and fulfill her agreement with this plaintiff to will and devise to this plaintiff all of the estate of said Mary Lee

46

Farnsley, the said Mary Lee Farnsley did on the 4th day of May, 1891, prepare in her own hand writing a last will and testament in which she devised to this plaintiff the entire remainder of the estate of said Mary Lee Farnsley, subject to a few minor bequests, and in order to assure the plaintiff of the intention of said Mary Lee Farnsley to comply with and abide by said agreement, the said Mary Lee Farnsley delivered said will to this plaintiff with the assurance to this plaintiff that said will would not be changed and that this plaintiff should hold same as assurance and security for the said Mary Lee Farnsley complying with the said agreement, and that this plaintiff did hold and preserve and keep said will, believing same to be a good will and a binding contract, and that this plaintiff during all of said time fully and faithfully complied with her agreement with and promise to the said Mary Lee Farnsley to help, aid and assist the said Mary Lee Farnsley in all manner and things in which plaintiff could aid or assist, and that the services rendered by this plaintiff to the said Mary Lee Farnsley, afterwards Mary Lee Mc-Crocklin, covered a period of forty years and until and after the death of the said Mary Lee Farnsley McCrocklin in January, 1930, this plaintiff believing at all times that she would receive the property of the said Mary Lee Farnsley, later McCrocklin, in accordance with the said agreement and the will which this plaintiff at all times retained, believing same to be a good and valid will and binding contract. * * *

"Plaintiff states that the services rendered to the said Mary Lee Farnsley, later Mary Lee Mc-Crocklin, from the date of said execution and delivery of said will to this plaintiff by the said Mary Lee Farnsley, were reasonably worth the sum of $12,000, and that plaintiff had demanded the payment of said sum from the said Kentucky Title Trust Company as administrator with the will annexed of the Estate of Mary Lee McCrocklin, deceased, and has filed with said Kentucky Title Trust Company, incorporated, as such administrator, a claim for said amount, duly and properly proven, and that the said defendant has refused to

pay to this plaintiff the said sum, or any part thereof."

The petition is inaptly drawn, but it appears to be an effort upon the part of Mrs. Lee to sue for the breach of a contract to make a will, devising all of her property to Mrs. Lee, but she failed to allege such breach.

A motion was sustained to require Mrs. Lee to elect whether she would prosecute her cause of action based on the agreement of Mrs. McCrocklin to devise her property to Mrs. Lee or to prosecute a cause of action to recover the reasonable value of the services she rendered Mrs. McCrocklin. That was erroneous; Mrs. Lee had clearly attempted only to assert a claim for breach of a contract to devise, and, if she had alleged a breach of the agreement, she would have had a good petition, but, as no such allegation appears, the demurrer which was sustained, on other grounds, should have been sustained on this one. The benefit of the services Mrs. Lee later alleged she rendered Mrs. McCrocklin appear to be such as to be ascertainable, and, if she rendered them, the reasonable value thereof will be the measure of Mrs. Lee's recovery, if from the evidence a jury should find such a contract was made. Broughton v. Broughton, 203 Ky. 692, 262 S. W. 1089.

A demurrer was sustained to this petition and to this petition as amended. The basis of that order is that this contract was oral, was to continue so long as Mrs. Farnsley (later McCrocklin) should live, that it was not to be performed within a year, and hence the statute of frauds, section 470, subsec. 7, Ky. Stats., forbade an action upon it. No one then knew Mrs. Farnsley would live a year, and hence the contract was not within the class to which the statute of frauds applies. Howard's Adm'r v. Burgen, 34 Ky. (4 Dana) 137; McNamara v. Madden, 39 S. W. 697, 19 Ky. Law Rep. 229; Dickey v. Dickinson, 105 Ky. 748, 49 S. W. 761, 20 Ky. Law Rep. 1559, 88 Am. St. Rep. 337; Thomas v. Feese, 51 S. W. 150, 21 Ky. Law Rep. 206; Story v. Story, 61 S. W. 279, 22 Ky. Law Rep. 1731; Whitley v. Whitley's Adm'r, 80 S. W. 825, 26 Ky. Law Rep. 134; McDaniel v. Hutcherson, 136 Ky. 412, 124 S. W. 384; Myers v. Saltry, 163 Ky. 481, 173 S. W. 1138, Ann. Cas. 1916E, 1134; Waggener v. Howsley's Adm'r, 164 Ky. 113, 175 S. W. 4.

'A motion was sustained that Mrs. Lee make her petition more specific. She should have done so. Ultimately she will, in order to recover, have to state as near as she can what services she rendered, when, as near as she can state, she rendered them, their value, etc., if she hopes to induce a jury to award her anything for them, and it was reasonable to require that to be done now.

The court did not err in sustaining a demurrer to this petition for reasons stated, but that will not prevent Mrs. Lee from hereafter prosecuting her claim by filing a proper petition.

Judgment affirmed.