# Troxel et al. v. Childers.

April 17, 1945.

C. F. See, Jr., and Otto C. Gartin for appellants.

Chesley A. Lycan for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—Affirming.

Birdie V. Childers, Gypsie V. Troxel, and Kitty V. Preston are the daughters and only children of Julia Vaughan who died on May 6, 1943, possessed of a small personal estate. Mrs. Childers is the appellee, and the two remaining daughters, their respective husbands, and the executor of Mrs. Vaughan's will, are the appellants. This appeal is from a judgment awarding appellee $2,920, the amount claimed for her services to her mother during the last eight years of her mother's life calculated at the rate of $1 per day. The action was predicated upon an oral contract by which the mother promised that she would pay for the services by bequeathing to Mrs. Childers her entire estate, and the facts, established by the testimony almost without contradiction, may be summarized as follows:

Mrs. Vaughan's husband died in the spring of 1934 at their home in Richardson, Kentucky. Mrs. Preston lived at Corbin, Mrs. Troxel at Ashland, and Mrs. Chil-

ders, a widow with several children, lived at Auxier. Mrs. Vaughan, then 75 years of age, after visiting her brother, and spending several months with Mrs. Troxel, and, according to certain indications in the testimony, finding that she was not wanted, proposed to Mrs. Childers that if she would leave her home at Auxier, return to the Vaughan home at Richardson, and take care of her the rest of her life, she would pay her in the manner described above. Pursuant to this agreement, they took up their residence at Richardson in February, 1935, and from that time until Mrs. Vaughan's death, Mrs. Childers rendered her mother unremitting and arduous services. During the entire period, Mrs. Vaughan visited Mrs. Troxel on only three occasions, and her daughter, Mrs. Preston, once. For their part, Mrs. Troxel and Mrs. Preston visited their mother at long intervals, remaining only a few days each time. The mother, although active for a person of her age, was, nevertheless, suffering from cancer of the uterus and had lost control of her bowel movements, so that in addition to doing the cooking and the ordinary washing, Mrs. Childers had many disagreeable tasks to perform. Without detailing the testimony, it is sufficient to say that the services which she rendered her mother were probably worth more than $2 per day, the value placed upon them by most of her witnesses.

It is true that Mrs. Childers and her children were afforded a home, but there is evidence that at least one of her sons contributed to the family's support. In short, this is one of numerous cases in which the least fortunate or more sympathetic of several children of an aged parent assumes and faithfully performs a duty common to all, while the more fortunate ones pursue the even tenor of their ways. We do not mean to criticize either Mrs. Troxel or Mrs. Preston, since they had families of their own, and Mrs. Childers was, perhaps, in need of work. Be this as it may, five witnesses testified to conversations with Mrs. Vaughan in which the latter stated in substance the terms of her agreement with Mrs. Childers, and since the court predicated Mrs. Childers' right to recover the value of her services upon the jury's belief that the contract, as alleged, had actually been made between the parties, it is unnecessary to discuss the legal questions which invariably arise where implied contracts are relied on as the basis for the recovery of the value of services rendered by one

to a close relative. See Stacy's Adm'r et al. v. Stacy, 296 Ky. 619, 178 S. W. 2d 42; Kellum v. Browning's Adm'r et al., 231 Ky. 308, 21 S. W. 2d 459.

Appellants contend that the fact that Mrs. Vaughan, during a visit to Mrs. Troxel in 1938 at her home in Ashland, executed a will by which she bequeathed her the lion's share of her estate, refutes Mrs. Childers' claim that her mother had contracted to bequeath the entire estate to her. Without emphasizing the fact that Mrs. Troxel's husband accompanied Mrs. Vaughan to the office of the lawyer who drew the will, and that Mrs. Vaughan could not write her name, it is sufficient to say that the jury was the sole judge of the credibility of the witnesses, and hence, had the unquestioned right to accept the statements of the witnesses who testified that Mrs. Vaughan had told them of the existence of her agreement with Mrs. Childers which, if made, was beyond her power to revoke, since Mrs. Childers fully performed her part of it.

In addition to contending that the evidence was not sufficient to prove the existence of the contract, a contention with which, as we have indicated, we do not agree, appellants assert that part of Mrs. Childers' claim was barred by the five-year statute of limitation. KRS 413.120. It seems to us manifest, however, that in view of the terms of the contract sued on, appellee's cause of action did not accrue until her mother's death.

Judgment affirmed.