James C. JOHNSTON et al., Appellants,

v.

R. S. STAPLES, Judge, Henderson County Court et al., Appellees.

Court of Appeals of Kentucky.

Oct. 7, 1966.

Rehearing Denied Dec. 9, 1966.

Damon A. Vaughn, Dixon, for appellants.

William L. Sullivan, Dorsey & Sullivan, Henderson, for appellees.

W. R. GENTRY, Special Commissioner.

This appeal seeks to test the correctness of the trial court's refusal to permit appellants to file an amendment to their original complaint.

Appellants are the owners of land included in the Highland Creek Watershed Conservancy District. The material substance of their original complaint, in general terms, undertook to challenge the validity of the referred to watershed conservancy district's creation for allegedly failing to meet the requirements of KRS 262.700 et seq., and to prevent the making of an exploratory survey to determine the feasibility of creating such a district. A restraining order was obtained by appellants against appellees. Upon hearing, this order was set aside and a temporary injunction denied. The ruling was appealed to this Court, but affirmed. Appellants then sought and obtained two extensions of time within which to take their proof. At the conclusion of appellants' proof, appellees moved for a summary judgment. Appellants then offered to file the amended complaint which alleged in substance that since much of the land which was included in the watershed district was embraced in Camp Breckinridge Military Reservation, it was not subject to taxation as required by KRS 262.760, and, consequently, the district was not legally constituted and not authorized by law. The trial court refused to permit the filing of the amendment.

The questions presented on this appeal are as follows:

A. Did the trial court err in refusing to permit the amendment to be filed?

B. Can a watershed conservancy district include land wholly under the jurisdiction of the United States?

C. Can a watershed conservancy district be legally created under KRS Chapter 262 which includes land not subject to taxation by the authorities?

■ After a motion for summary judgment has been made, a motion to amend a pleading rests in the sound discretion of the trial court, and its ruling will not be disturbed unless an abuse of discretion is clearly shown. CR 15.01; Bradford v. Billington, Ky., 299 S.W.2d 601. The appellants do not claim that the court erred in granting summary judgment on their original complaint, hence it can only be concluded they did not sustain their cause of action and are resting this appeal on the refusal of the trial court to permit them to amend their complaint after the taking of proof had been completed.

■ Appellants seem to construe Kingwood Oil Company v. Henderson County Board of Supervisors, Ky., 367 S.W.2d 129, as prohibiting the inclusion of land under the jurisdiction of the United States (Camp Breckinridge) in the district because such is not subject to taxation provided by KRS 262.760. The Kingwood case did not so hold, but only that a lease of such property is not subject to taxation by local authorities. While KRS 262.760 does provide that all property within a watershed district shall be taxed, that provision is subject to a reasonable construction.

■ KRS 446.080 requires courts to liberally construe statutes with the view of promoting their objects and to carry out legislative intent. A reference to KRS 262.700 et seq., plainly shows the legislative intent to tax only property which is *subject* to tax, and not that all property within a watershed district shall be taxed. Such interpretation violates no legal right of any citizen. In fact, the Kentucky Constitution, Section 171, in substance requires only that taxation of property *subject* to taxation be uniform, and not that all property be taxed. To hold the legislative intent in enacting KRS Chapter 262 was otherwise would result in absurdity. Insofar as the record on this appeal discloses, the United States Government has not complained of the inclusion of its land in the watershed district and the appellants cannot do so.

It follows the trial court did not abuse a sound discretion in rejecting appellants' offered amended complaint, and the judgment is affirmed.