**Eunice HATFIELD, Appellant,**

v.

**Grace HATFIELD et al., Appellees.**

Court of Appeals of Kentucky.

June 30, 1967.

Davis Williams, Munfordville, Walter A. Baker, Wilson, Baker, Herbert & Garmon, Glasgow, for appellant.

Glay E. Maggard, Wilson & Maggard, Munfordville, for appellees.

STEINFELD, Judge.

G. W. Hatfield and his wife, Grace, lived on a farm with their five children. In 1946 their son, Willard, married Eunice (the appellant herein) and he brought her home. The other Hatfield children married and moved away. Willard and Eunice worked on the farm and sometimes found employment elsewhere. They helped care for Mr. and Mrs. G. W. Hatfield until Mr. G. W. Hatfield died on January 7, 1962. On February 9, 1962, Grace and her other children with their respective spouses

conveyed the farm to Willard and Eunice by a deed which contained the following:

"* * * that for and in consideration of the sum of One ($1.00) Dollar and other good and valuable considerations, cash in hand paid, and the further consideration of the services that the Parties of the Second Part rendered to G. W. Hatfield during his lifetime and have rendered and promise and agree to hereinafter render to Grace Hatfield, a part of which consideration consists of the following services: To provide a comfortable home for Grace Hatfield at any and all times that she desires to reside in the home of Willard and Eunice Hatfield; to provide her with the necessary food and clothing when she resides in their home and to care for her in sickness and health providing necessary doctor and drug bills when she resides in their home and hospital care, if it is necessary to take her from their home to a hospital, and to pay her burial expenses, * * *"

* * * * * *

"To have and to hold unto the Parties of Second Part, their heirs and assigns forever, provided that the terms and conditions above provided for and the consideration enumerated above does not fail."

Grace continued to live on the farm until late 1963 when she entered a nursing home. Upon her release she went to live with another son and never resumed her residence at the farm.

On May 5, 1964, the grantors to that deed sued Willard and Eunice to cancel it. They claimed that the grantees had failed to fulfill the obligations imposed upon them. Eunice denied any failure on her part and stated that she has always been ready, willing and able to perform all of the obligations imposed upon her. She counterclaimed alleging that she had performed all types of household and farm services and that she had nursed and cared for G. W. Hatfield and his wife. She demanded that the court dismiss the complaint and alternately that in the event the deed should be canceled she have judgment for $8,-250.00.

Issues were joined and after hearing much testimony the lower court made findings of fact, reached conclusions of law and adjudged that the deed be canceled. It found "that the only real consideration for the" deed was the promise "To provide a comfortable home for Grace Hatfield at any and all times that she desired to reside in the home of Willard and Eunice Hatfield. To provide her with necessary food and clothing when she resided in their home and to care for her in sickness and health providing necessary doctor and drug bills when she resides in their home and hospital care, if it is necessary to take her from their home to a hospital, and to pay her burial expenses." It held that there had been a failure to comply, but that Eunice had rendered valuable personal services to G. W. and Grace Hatfield. It adjudged that she was entitled to recover of Grace and all her children "* * * the sum of $240.00 per year, not to exceed five years before the filing of this action for services rendered to G. W. Hatfield and Grace Hatfield during the life of G. W. Hatfield and the further sum of $180.00 per year for services rendered to Grace Hatfield from the date of death of G. W. Hatfield to October 1963."

Eunice has appealed but there was no cross-appeal. It is of interest to note that on April 14, 1964, Willard sued Eunice for divorce and that in the court below and in this court he did not defend or resist the efforts of his family to set aside the deed.[1]

Following the death of Mr. G. W. Hatfield domestic difficulties arose between Eunice and Willard and Grace became very dissatisfied. The evidence is

---

1. Mrs. Grace Hatfield died November 26, 1965.

replete with controversy between all members of the family. There was ample evidence before the court below on which it found that the provisions and considerations enumerated in the deed had failed. There was also substantial evidence to show that Eunice, in anticipation of becoming the owner of a ½ interest in the farm rendered valuable services to her father-in-law and her mother-in-law for many years. The Chancellor found the facts. CR 52.01. It is not for this court to conclude differently unless the findings are clearly erroneous. Krauss Wills Co. v. Publishers Printing Co., Ky., 390 S.W.2d 132; Black Motor Co. v. Greene, Ky., 385 S.W.2d 954; 7 Kentucky Practice, Clay 103. They were supported by substantial evidence and must stand. Massachusetts Bonding and Insurance Co. v. Huffman, Ky., 340 S.W.2d 447.

 Appellant complains because the court below limited the recovery on her alternate claim for compensation to services rendered within five years of the filing of the complaint. She relies upon Troxel v. Childers, 299 Ky. 719, 187 S.W.2d 264 and Benge's Adm'r v. Fouts, 163 Ky. 796, 174 S.W. 510 on her assertion that "her cause of action for services rendered to Mr. and Mrs. Hatfield did not accrue until the death of Mr. Hatfield on January 7, 1962." These cases stand for the rule that where an oral promise is made to pay for services for a lifetime the cause of action does not accrue until the promissor's death, and the statute does not begin to run until the cause of action accrues.

In this case there was not even an apparent cause of action until efforts were made to take away from Eunice the title to the real estate which had been conveyed to her. When the action was filed she promptly asserted her counterclaim to which appellees interposed the defense of limitations. We hold that " * * * the plea of limitations will not prevail against the right of the defendant to assert by way of counterclaim transactions connected with and growing out of the matter that was

the basis of the suit." Lewis v. Kash, 239 Ky. 117, 38 S.W.2d 978.

Eunice also complains that the amount she was awarded was not reasonable compensation. The lower court heard proof on this subject. It does not appear to us that the decision reached was unreasonable. Certainly his findings were not clearly erroneous, therefore, they will not be disturbed. Logan v. Logan, Ky., 409 S.W.2d 531.

The judgment is affirmed insofar as it cancels the deed and fixes the amount of recovery for the period after May 5th, 1959. It is reversed with directions to adjudge the amount which Eunice shall recover for services rendered for the years before May 5th, 1959.

WILLIAMS, C. J., and HILL, MILLIKEN, PALMORE, and MONTGOMERY, JJ., concur.