**Billy Todd CHESHIRE, Executor of the Estate of Ora Cheser, Deceased, Appellant,**

v.

**Mattie BARBOUR, Appellee.**

Court of Appeals of Kentucky.

March 3, 1972.

Rehearing Denied June 30, 1972.

Marion Rider, Richard A. Prewitt, Frankfort, for appellant.

William A. Young, William E. Johnson, Frankfort, for appellee.

GARDNER, Commissioner.

Pursuant to a jury verdict it was adjudged that Mattie Barbour was entitled to recover the sum of $26,600 from the estate of Ora Cheser with interest at six percent from the date of judgment until paid. The executor appeals. Mrs. Barbour cross-appeals. We affirm on the appeal and on the cross-appeal.

Recovery was based on an implied contract for compensation for services rendered by Mrs. Barbour to Mrs. Cheser for her lifetime, payable at her death. Evidence in behalf of Mrs. Barbour was as follows. Mrs. Barbour cared for and rendered intimate personal services to the decedent, Ora Cheser, for more than 20 years. She cooked and prepared meals for Mrs. Cheser, washed her clothes, and helped take care of Mrs. Cheser's home. She acted as a business adviser and personally undertook the management of her business affairs, particularly as pertained to the rental, sale and purchase of real es-

tate and the maintenance and repair of Mrs. Cheser's rental properties. One or more of these activities was performed almost daily for more than 20 years.

Mrs. Barbour was completely ignored by Mrs. Cheser when the latter executed her will. By her complaint Mrs. Barbour sought recovery based on an oral contract made in December 1952, whereby Mrs. Cheser promised to devise and bequeath all of her property except $4,300 to Mrs. Barbour. By amended complaint Mrs. Barbour sought recovery in the alternative for the value of services rendered Mrs. Cheser based on an implied contract. The case was tried before a jury and a verdict was rendered in favor of Mrs. Barbour. We reversed the case on appeal because of error by the trial court in not sustaining the executor's motion for a directed verdict. We pointed out that there was no proof of the value of services to support recovery for their reasonable value. The opinion also stated that recovery should have been limited to the five-year period preceding the filing of the claim, unless the jury found that there was a contract to render services *for the lifetime* of Mrs. Cheser to be paid *at her death*. See Cheshire v. Barbour, Ky., 455 S.W.2d 62 (1970).

After remand of the case Mrs. Barbour was permitted to file a second amended complaint which asserted the right to specific performance of an oral contract made during the year 1942 by which Mrs. Cheser promised to will all of her property to Mrs. Barbour in return for Mrs. Barbour's performing certain services, and asserting in the alternative an implied contract whereby Mrs. Cheser requested and received certain services by Mrs. Barbour, each expecting that the services would be performed during the life of Mrs. Cheser and that Mrs. Barbour would be paid a reasonable sum at the death of Mrs. Cheser.

The executor contends the court erred in permitting the filing of the second amend-

ed complaint. He insists that it set up a new cause of action when it alleged that the oral contract was consummated "during 1942," when in her complaint Mrs. Barbour had said the contract was consummated "in December, 1952." We need not pass on this question since the trial court sustained the executor's motion to strike the paragraph asserting a cause of action for specific performance of the oral contract. The executor contends that the second amended complaint asserted also a new cause of action based upon an implied contract to pay for services at the death of Mrs. Cheser. He argues that since it sought recovery for services rendered more than five years prior to the institution of the new cause of action recovery was barred by the statute of limitations.

The executor insists that his argument is especially sound in view of the fact that the second amended complaint was filed after the case had been returned to the circuit court for another trial. The trial court has a wide discretion in permitting the amendment of pleadings. CR 15.01. The crucial question is whether the second amended complaint ushered in a new cause of action. If it did, since it was filed more than five years after the cause of action accrued (Mrs. Cheser having died in 1964 and the second amended complaint having been filed in 1970), the claim was barred by KRS 413.120(1). The first amended complaint, which was filed within the limitation period, alleged in part:

"6. In the alternative, for a period in excess of twenty years prior to her death on March 20, 1964, acting at the special instance and request of Ora Cheser, the plaintiff furnished to the said Ora Cheser personal services of varied and sundry character, including but not limited to the handling of her business affairs, management of her real estate, looking after her personal requirements and such other things as she was from time to

time called upon by the said Ora Cheser to do. The said Ora Cheser requested and received such services from the plaintiff in the expectation that the plaintiff would be fairly and reasonably compensated therefor and the same were furnished by the plaintiff in the expectation that she would be paid the fair and reasonable value of the services thus furnished by her. The fair and reasonable value of the services so performed by the plaintiff for the decedent, Ora Cheser, from 1942 to the date of the latter's death on March 20, 1964, was not less than the sum of $55,000.00."

The second amended complaint recites almost verbatim the above quoted paragraph but adds, "This agreement and understanding entered into and existing between the parties was that the services were to be rendered during the remainder of Ora Cheser's life and that the payment to the plaintiff for the services rendered was to be made at Ora Cheser's death out of the estate of Ora Cheser." It is quite likely, as suggested by the executor, that the last quoted allegation was prompted by the language of the opinion on the first appeal. See Cheshire v. Barbour, supra. Be that as it may, we are of the opinion that the second amended complaint does not assert a new cause of action. The original cause of action was based on an implied contract whereby Mrs. Barbour was to perform services for Mrs. Cheser and both parties expected Mrs. Cheser to pay for them. The second amendment merely clarified the agreement of the parties to show that the services were to be performed *during the life of Mrs. Cheser* and that payment therefor was to be made *at the death of Mrs. Cheser.*

Since we have decided that the claim asserted in the second amended complaint arose out of the conduct or transaction set forth in the original complaint, it follows that the amendment related back to the date of the original pleading. CR 15.03.

The executor contends that the court erroneously gave Instruction No. 1, which was as follows:

"If you believe from the evidence that the plaintiff, Mattie Barbour, rendered personal services to the defendant, Ora Cheser, in the form of looking after and assisting her to take care of her personal and business requirements and in nursing and taking care of the said Ora Cheser, and if you further believe that such services, if any, were rendered or performed by the plaintiff in the expectation of being paid or compensated for such services, and that those services were received by the decedent, Ora Cheser, in the expectation that she would make payment therefor, then you should find for the plaintiff, Mattie Barbour, and award her such sum as you may believe from the evidence represents the fair and reasonable value of the services so rendered by the plaintiff to the decedent. However, in the event you so find, your award will be limited to the reasonable value of the services rendered, if any, for the period of five (5) years immediately preceding the filing of the plaintiff's claims against the estate of Ora Cheser, February 6, 1967; unless you should further believe and find from the evidence that the services were to be rendered for the remaining lifetime of Ora Cheser and were to be paid for at the time of the death of said Ora Cheser; in the event you should so find you shall award plaintiff the reasonable value of such services from the time you may believe from the evidence they were begun to be rendered until the death of Ora Cheser, March 20, 1964.

"Unless you so believe, the law is for the defendant, Cheshire, Executor, and you should so find."

■ The executor argues that the instruction did not require the jury to find the existence of a contract under which Mrs. Barbour agreed to render services to

Mrs. Cheser, and that Mrs. Cheser agreed to pay for such services. We are of the opinion the instruction does require the jury to find a contract existed before allowing recovery, although the word "contract" was not used in the instruction. In order to find for Mrs. Barbour the instruction required the finding that Mrs. Barbour performed the services with the *expectation* of being compensated therefor and Mrs. Cheser received the services with the *expectation* of paying for same. The word "expectation" as used in the context of the instruction is equivalent, we believe, to "understanding" or "agreement" as commonly used in contracts. In Marshall v. Ireland, 228 Ky. 354, 15 S.W.2d 289, 290 (1929), we said: "The minds of the parties must meet, and the evidence must establish that the party performing the services expected compensation, and the person for whom the services were rendered must know of such expectation and agree to satisfy it." Cf. Victor's Executor v. Monson, Ky., 283 S.W.2d 175 (1955). We believe the instruction adequately presented to the jury for determination the question of whether there was an *understanding* or *agreement*, although not expressed in definite terms, between the parties.

The executor argues further that there was no contract under which Mrs. Barbour agreed to render services to Mrs. Cheser for the *lifetime* of Mrs. Cheser, and the latter agreed to pay for such services *at her death*. We believe the second part of the instruction relative to rendering services for the lifetime of Mrs. Cheser to be paid for at her death must be read in connection with the remainder of the instruction so that the phrase " * * * that the services were to be rendered * * * " must be said to include the requirement of *expectation*.

The executor further complains that the instruction does not limit recovery from the date the contract came into existence. This technical observation is without merit

when considered in the light of the instruction as a whole.

■ Another ground for reversal advanced by the executor is that there was insufficient evidence to establish a contract. We are concerned with a contract implied in fact. As stated in Kellum v. Browning's Adm'r, 231 Ky. 308, 21 S.W.2d 459 (1929), such a contract "requires an actual agreement or meeting of minds although not expressed. It is implied or presumed from acts or circumstances which, according to the ordinary course of dealing and the common understanding of men, a mutual intent to contract is shown." Of like import are Cheatham's Ex'r v. Parr, 308 Ky. 183, 214 S.W.2d 95 (1948), and Victor's Executor v. Monson, Ky., 283 S.W.2d 175 (1955). From our study of the record we are convinced there was ample evidence to warrant submitting to the jury the question of whether there was an implied contract to pay for services rendered. likewise, there was ample evidence to warrant submitting to the jury the question of whether the services were to be rendered during the life of Mrs. Cheser and to be paid for at her death, thereby authorizing that part of Instruction No. 1 permitting recovery for more than the five years next before her death.

■ The executor complains that there was no competent evidence establishing the value of the services rendered. Dr. Paul J. Garfield, an economist, testified by way of a hypothetical question, based on evidence introduced on behalf of Mrs. Barbour, that the value of services rendered by Mrs. Barbour to Mrs. Cheser was within the range of $37.4 thousand dollars to $44.2 thousand dollars. Howard Black testified that off and on for 32 years he had employed a person to work for him, performing activities similar to the ones discussed in this case, at $5.00 per day, and that was a customary charge. We believe the evidence, though not overabundant,

was sufficient to require submission of the question to the jury.

■ The executor states that argument of counsel for Mrs. Barbour was erroneous and prejudicial. The executor points out that witness Black had testified at an earlier trial wherein the sufficiency of the will was questioned. At the trial of the present case, by way of impeachment, witness Black was confronted with statements he had made at the will-contest trial. Counsel for Mrs. Barbour, during his closing argument, read testimony of witness Black, which Black gave not at the will-contest trial but at the first trial of the present "implied contract" case. The apparent purpose of counsel for Mrs. Barbour was to show that witness Black's testimony was consistent in the two trials of the "implied contract" case. Undoubtedly that portion of the closing argument was erroneous but we do not believe it was so prejudicial as to require a reversal of the case. The testimony went solely to the credibility of the witness and the jury was free to believe or disbelieve him.

■ In her cross-appeal Mrs. Barbour contends that the court erred in allowing recovery of interest only from the date of the judgment. She insists she was entitled to interest from the date of the death of Mrs. Cheser, or at least from the date of the first judgment in this action. We are constrained to follow Mussinon's Adm'r v. Herrin, 252 Ky. 495, 67 S.W.2d 710, 715 (1934), wherein the court in passing on a case similar to the present one said: "Under the pleadings and the evidence, the appellee was not entitled to interest except from the date of the rendition of the judgment; the amount not being liquidated until the verdict of the jury."

The judgment is affirmed on appeal and affirmed on the cross-appeal.

All concur.