William P. SMILEY, Administrator of Estate of William Russell Smiley, Dec'd, et al., Appellants,

v.

HART COUNTY BOARD OF EDUCATION et al., Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1974.

Rehearing Denied March 7, 1975.

Henry H. Dickinson, Richardson, Barrickman & Dickinson, Glasgow, John D. Cole, Harlin, Parker, Lucas & English, Bowling Green, Robert Schneider, Horse Cave, for appellants.

Wilson & Maggard, Munfordville, for appellees.

JONES, Justice.

William P. Smiley, Administrator of William Russell Smiley, sued Branstetter Hardware, Inc., on the theory of negligence for the wrongful death of his son, William Russell Smiley.

On the night of November 14, 1969, William Russell Smiley attended a ball game at the Hart County High School. On the morning of November 15, 1969, his body was discovered at the bottom of an 8-foot excavation for a water storage tank on the grounds of the Hart County High School. The autopsy attributed the cause of death to exposure. The administrator alleged in his complaint that the excavation had been carelessly and negligently made and left unprotected and unguarded by Branstetter, its agents, servants and employees while acting in the course and scope of their employment.

Branstetter filed a third-party complaint seeking to recover indemnity or contribution, against the Hart County Board of Education and against D. M. Belt, Carl J. Wilkerson, L. D. Branstetter, Jr., Obert Jaggers and H. W. Harlow as the duly elected and serving members of the Hart County Board of Education, "sued in their capacity as board members."

■ Smiley's administrator filed an amended complaint against the Hart County Board of Education and against the individual members of the Hart County Board of Education, "in their capacity as board members," and alleged that the individual board members negligently and carelessly permitted an excavation to remain unfilled upon their property. A summary judgment was entered dismissing the complaint as to the Hart County Board of Education and the members who composed the board. Smiley's administrator and Branstetter seek reversal urging that, (1) the doctrine of sovereign immunity of boards of education should be abrogated, and (2) summary judgment was inappropriate as to the individual members of the Hart County Board of Education. Smiley's administrator contends that his first amended complaint made the members of the Hart County Board of Education parties to the suit in their individual capacity. We need not consider this question. The trial court erred in refusing to permit Smiley to file a second amended complaint against the board members in their individual capacity. CR 15.03.

A review of the second amended complaint alleges issues of negligence concerning the individual acts or failure to act of the individual board members. Copley v. Board of Education of Hopkins County, Ky., 466 S.W.2d 952 (1966).

■ We are unimpressed with the arguments of both Smiley's administrator and Branstetter that this court should renounce the doctrine of sovereign immunity as to school boards. Both appellants concede that this court has long recognized the doctrine of sovereign immunity in this respect. We are not persuaded that the rule announced in *Copley* should be abrogated. The trial court correctly granted summary judgment to the extent that recovery was

sought against the Board of Education of Hart County as a body politic.

The trial court erred in refusing Smiley's administrator permission to file the second amended complaint. CR 15.03 (our emphasis).

▮▮▮ The individual members of the Hart County Board of Education had the burden of establishing that there was no issue as to any material fact. They had the burden to prove they were entitled to judgment as a matter of law. They failed to meet that burden. New Amsterdam Casualty Co. v. Allen Company, Ky., 446 S.W.2d 278 (1969); 6 Moore's Federal Practice, 2nd Ed. Sec. 56.17(42), p. 2583.

The judgment is affirmed to the extent that it absolves the Board of Education of Hart County, and is reversed in all other respects.

OSBORNE, C. J., and JONES, REED and STEPHENSON, JJ., concur.

STEINFELD, J., dissented in part and filed a separate opinion.

STEINFELD, Justice (dissenting).

The original complaint named only the Branstetter Hardware, Inc., as the defendant. The amended complaint added as a defendant the "Hart County Board of Education, composed of D. M. Belt, Carl J. Wilkerson L. D. Branstetter, Jr., Obert Jaggers and H. W. Harlow, in their capacity as Board Members." The amended complaint and a third-party complaint used exactly the same denomination of the Hart County Board of Education and its board members. The complaint, the third-party complaint and the amendments thereto made no allegation of individual negligence on the part of the board members, but, on the contrary, until the rejected second amendment was offered, the pleadings alleged that the board members were being "sued in their capacity as Board Members."

The original cause of action which was filed by Smiley's administrator, who was appointed April 23, 1970, claimed that the plaintiff was injured when he "* * * fell into an excavation which had been carelessly and negligently made and carelessly and negligently left unprotected and unguarded by the defendant, its agents, servants and employees while acting in the course and scope of said agency." The rejected second amendment charged that the Hart County school board members "* * * knew or by the exercise of ordinary care should have known of such dangerous condition and should have warned the public thereof and erected barriers and given warning so as to protect the public, but each negligently and carelessly failed to do so * * *." It further charged that the board members "* * * jointly and severally, carelessly and negligently selected and employed incompetent personnel to construct a cistern on the property of the Hart County Board of Education, which was under the jursidiction of the Board of Education, and the excavation work necessary therefor; that each of them knew or ought to have known, jointly and severally, that the personnel was not qualified to perform the work, and carelessly and negligently supervised the County School Superintendent, an employee of the Hart County Board of Education, and the personnel employed to construct said cistern * * *." It will thus be seen that new claims were being added after the statute of limitation had barred the action against the individual board members. KRS 413.180(1); Totten v. Loventhal, Ky., 373 S.W.2d 421 (1963).

In City of Danville v. Wilson, Ky., 395 S.W.2d 583 (1965), a remonstrance suit attacking annexation was filed naming the twelve members of the Board of Common Council of Danville as the defendants. The city was not named as a party defendant. After the time within which such a suit could legally be filed (KRS 81.110(1)), the petitioners offered an amended complaint naming the City of Danville as a party. This court held,

"Although CR 15.03 provides that an amendment shall relate back to the date of the original pleading '(W)henever the

claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading * * *' the rule is inapplicable if the amendment substitutes a different party defendant after the statute of limitation has run."

The accident to Smiley occurred on November 14, 1969, but no claim against the board members individually was made until January 1972, when the second amendment was tendered. It is my opinion that the trial court made no error in rejecting this amendment for the reason that any claim against the board members on the basis of their liability as individuals was barred by the statute of limitations. Cheshire v. Barbour, Ky., 481 S.W.2d 274, 276 (1972). Furthermore, allowing an amendment to a pleading is discretionary. CR 15.01. The trial court did not abuse its discretion in rejecting an amended complaint which was tendered on the trial date, a day 19 months after the action was started and long after a motion for summary judgment had been made. Johnston v. Staples, Ky., 408 S.W.2d 206 (1966).

For the reasons expressed herein, I respectfully dissent.