KNOTT COUNTY BOARD OF
EDUCATION, Appellant,

v.

Stephen John MULLINS, an infant by
and through Arthur Mullins, his father
and next friend, Appellee.

Court of Appeals of Kentucky.

July 15, 1977.

Clark Pratt, Hindman, for appellant.

Richard D. Cooper, Cooper, Gullett & Combs, Hazard, Earl M. Cornett, Hindman, for appellee.

Before HOWERTON, COOPER and REYNOLDS, JJ.

HOWERTON, Judge.

On April 10, 1974, Stephen John Mullins was struck by an automobile driven by Tammy Combs. The accident occurred while the appellee was on the Hindman Elementary School grounds. He was on his way to board a school bus. The appellee filed suit against the operator and owner of the automobile. The defendants filed a third-party complaint against the appellant. The appellee amended his original complaint and alleged negligence on the part of the appellant. Appellant's answer denied negligence on its part, alleged contributory negligence, and provided that the pleadings failed to state a claim upon which the relief sought could be granted. No other affirmative defenses or motions to dismiss were filed. The case was tried before a jury and the result was a verdict in favor of the appellee against the appellant for $10,000.00 and against the other defendants for $10,-000.00.

On this appeal, appellant contends (1) it was not guilty of any negligence; (2) appellee was guilty of contributory negligence, and (3) it is an agent of state government and is not liable in damages for the torts of its employees. We need not consider the merits of the first two allegations, but on the basis of the third contention, we must reverse the trial court and agree with the appellant.

The question of sovereign immunity was never clearly raised until the close of appellee's evidence and again at the close of all of the evidence when the appellant moved for a directed verdict and used the doctrine of sovereign immunity as a basis for its motion. Both motions were overruled, which is most unfortunate because the appellee's $20,000.00 combined award will now be cut in half.

We would conclude that if a litigant could waive its sovereign immunity defense, appellant would have done so in this action. It appears, however, that such a waiver cannot be made.

■ Although some cases hint at a possible waiver and refer to the fact that the defense was raised (see, *Board of Education of Leslie County v. Lewis*, Ky., 449 S.W.2d 765 [1974]), it appears well settled that immunity can only be waived by an act of the legislature. *Smith v. Commonwealth, Department of Highways*, Ky., 495 S.W.2d 178 (1973); *Foley Construction Company v. Ward*, Ky., 375 S.W.2d 392 (1964), and *Commonwealth, Department of Highways v. Davidson*, Ky., 383 S.W.2d 346 (1964). See also, *Smiley v. Hart County Board of Education*, Ky., 518 S.W.2d 785 (1974).

■ The *Smiley* case, supra, makes it clear that the doctrine of sovereign immunity precludes recovery against a school board. The opinion in *Davidson*, supra, at 348, reads:

No specific plea of immunity in bar of an action was made by the Department of Highways. However, the answer did assert that the complaint failed to state a claim upon which relief may be granted. We need not decide whether CR 8.03 requires pleading immunity as an affirmative defense. The immunity is such that it may not be waived, except by legislative action. Ky. Constitution, § 231. Certainly the constitutional mandate would be of small stature if its precepts could be "waived" by any state officer or agent other than the general assembly.

The court in the *Foley Construction Company* case, supra, summarized and analyzed the previous cases concerning sovereign immunity and then concluded:

The review of the cases on sovereign immunity forces the conclusion that such cases as the Watkins and Michael cases and the cases cited therein, insofar as they have permitted the state to be sued on a contract or for damages without express legislative consent, are unsound. To reiterate, the constitutional section in question has always been very explicit. The word "may" in § 231 indicates that suits against the Commonwealth may be brought as a matter of legislative grace. *Commonwealth v. Chevis*, 4 Ky. Law Rep. 892. Only by authority of an enactment of the Legislature may such suit be brought, and then the manner of bringing a suit and the court in which it may be brought must be directed. To the extent that the cases mentioned are inconsistent herewith, they are overruled. This view renders it unnecessary to consider any other questions presented.

The Court left no doubt about its position on sovereign immunity when the entire text of the per curiam opinion in *Smith*, supra, reads:

Conceding that the doctrine of sovereign immunity is not above reproach, in view of *Foley Construction Company v. Ward*, Ky., 375 S.W.2d 392 (1964), it would appear that the appropriate forum for pursuing the fight against it is the General Assembly.

It was error for the trial court to require the appellant to remain a defendant in the action. The defendants, Tammy Combs and Vernon Combs, along with the appellee, were at fault for naming the appellant as a third-party defendant without having legislative permission for this type of action. The portion of the judgment of the trial court that was adverse to the appellant must therefore be reversed.

All concur.